FRED THRASHER, Appellant, v. GLENN C. HAYNES, Appellee.

No. 43110.

FEBRUARY 13, 1936.

E. C. Willis, and Herminghausen & Herminghausen, for appellant.

J. R. Leary, County Attorney, for appellee.

DONEGAN, C. J.—On the 10th day of February, 1930, an information was filed by the county attorney of Buchanan county, Iowa, accusing Fred Thrasher of the crime of larceny in the nighttime, and also alleging previous convictions on the charges of breaking and entering, escape, and possession of counterfeit papers. This information was approved by the judge of the district court and filed with the clerk of the district court of Buchanan county on the 10th day of February, 1930. Thereafter, the defendant, Fred Thrasher, entered a plea of not guilty, and, upon the trial of the case, the jury returned a verdict finding him guilty of the crime charged, and that he previously had been twice convicted for crimes and sentenced to terms of not less than three years each. On the 24th day of February, 1930, Thrasher was sentenced to be committed to the penitentiary at Ft. Madison, Iowa, for 25 years, as provided by law.

This action was commenced on the 19th day of September, 1934, and is based on the ground that the information which was filed against said Fred Thrasher in the district court of Buchanan county was filed therein at a time when the grand jury of said county was actually in session; that the said information was illegal and void; and that all subsequent proceedings in said case, including the judgment and order of commitment thereunder, are illegal and void, because the trial court was without jurisdiction. The answer of the defendant herein admitted that the plaintiff was confined in the state penitentiary at Ft. Madison in the custody of the defendant, as warden, and under and by virtue of the sentence of commitment from the district court of Buchanan county, but denied all other allegations of the petition.

On the trial of the case, plaintiff herein introduced in evidence the records of the district court of Buchanan county, Iowa, showing that the grand jury of that county was in session

on the 10th day of February, 1930, and that on the 10th day of February, 1930, the information under which he, as defendant, was tried and convicted in Buchanan county, was filed by the county attorney of that county with the clerk of the district court thereof. Plaintiff herein contends that, under this showing, it must be held that the grand jury was in session at the time that the information was filed; that there was, therefore, no legal authority for the filing of the information involved in this case; and the trial court did not have jurisdiction to try and sentence the plaintiff herein under such information.

The argument is based upon the contention that under the general rule of law there is no subdivision of a day into parts or fractions thereof; that the evidence having shown that the grand jury was in session on the 10th day of February, 1930, and that the information was filed on the 10th day of February, 1930, this constituted a showing that the information was filed at a time when the grand jury was in session; that, as there was no evidence to the contrary, the trial court in this case should have found, as a matter of law, that the information was invalid and void, and that the plaintiff was being illegally detained under a void judgment and commitment.

The statute authorizing the filing of informations by county attorneys, so far as applicable to this case, is as follows:

"13645.* * * The county attorney may, at any time when the grand jury is not actually in session, file in the district court, either in term time or in vacation, an information charging a person with an indictable offense."

■■■ It will be noticed that the language of this statute provides that an information may be filed by the county attorney "at any time when the grand jury is not actually in session." The statute does not prohibit the filing of informations on *any day* when the grand jury is actually in session. The authorities cited by the appellant all have reference to acts or events occurring on a "day" or "date" and, while it is the general rule that when the word "day" or "date" is involved, such word will be construed as including the entire day or date, this rule is not of universal application. The general rule cited by appellant, and upon which he relies in this case, may be found in 62 C. J. 978, and is as follows:

"'As a general rule, in the computation of time, a day is to

be considered as an indivisible unit or period of time, which has its beginning coincident with the first moment of the day, and the law will not, unless there is a sufficient reason therefor, recognize or take cognizance of fractions of a day; and in some jurisdictions there are statutory provisions to this effect. Under this rule any fraction of a day is deemed a day, and acts done or events occurring during the day are not referable to any particular portion of the day more than to any other portion thereof, but are presumed to have been done or occurred at the same time, except where they are required to be done in a certain order, *in which case it is presumed that the prescribed order has been followed."* (Italics ours.)

It will be noticed that the part of the quotation which we have italicized excepts from the provisions of the general rule situations where acts are required to be done in a certain order, in which case "it is presumed that the prescribed order has been followed." In the same volume of Corpus Juris on page 981, it is said:

"Although the law does not, as a general rule, take cognizance of fractions of a day, it does take cognizance of the fact that two things may be done in succession on the same day, and the rule that a day is an indivisible period of time is regarded as a mere legal fiction, which is strictly applicable only to public acts or commercial transactions, in which the exact time is not material, and is true only in a limited sense, in respect of cases where it will promote right and justice, and, therefore, is subject to numerous exceptions, and does not apply where it becomes necessary to ascertain the relation of acts or events. Consequently, the courts will disregard the fiction, and take cognizance of the actual hour or time of the happening of an event or the doing of an act, where there is sufficient reason therefor, as where the exact hour or point of time of the day is important and material in fixing relative rights, and inquiry in regard to it is essential in order that justice may be done. * * *"

■■■ We think the use in the statute of the phrase, "at any time when the grand jury is not actually in session," cannot be construed to mean that an information could not be filed by the county attorney at any time of any day on which the grand jury was actually in session. We think that the practice of impanel-

ing and charging a grand jury in the afternoon of the day on which they first convene in each term is so common that it cannot be ignored. We think it quite probable that the legislature may have had the possibility of this very practice in mind when, in selecting the language of the statute in regard to the filing of informations, it provided that they could be filed *"at any time when the grand jury is not actually in session,"* instead of saying that they could be filed *"on any day on which* the grand jury is not in session.'' (Italics ours.) The fact that the information, on which Thrasher was tried and convicted, was filed on the same day that the grand jury convened, is not evidence that the grand jury was actually in session at the time that the information was filed.

▮▮▮ On the other hand, section 13645 does not authorize the filing of an information by the county attorney when the grand jury is actually in session, and section 13650 does not authorize the filing of an information unless it has been presented to a judge of the district court and his approval indorsed thereon. If the information in this case was filed at a time when the grand jury was actually in session, the county attorney who filed the information and the district judge who approved it both violated a duty expressly imposed upon them by law.

▮▮▮ In the absence of any evidence that an officer has violated his duty, there is nothing upon which to base a finding that he has done so. The only presumption arising in such a case is that the officer has not violated, but has performed, his duty. In the case of Marsh v. Hollowell, 215 Iowa 950, 954, 247 N. W. 304, 305, we had before us a question very similar to that presented in this case. In that case the plaintiff, who had been convicted and imprisoned in the state penitentiary, filed a habeas corpus proceeding against Hollowell, who was then warden. The evidence showed that the grand jury for a term of the district court of Greene county was impaneled on the 2d day of April, 1925; that it was in session on that day and the following day; and that on April 4th no members of the grand jury were actually present at the courthouse. There was no record of any adjournment of the grand jury, but the record showed that it convened again on April 6th, which was Monday. On Saturday, April 4th, the county attorney filed an information against the appellants which was approved by the judge of the district court and filed on the same day, and thereafter, on the same day, both

appellants appeared in open court, entered pleas of guilty, and were sentenced. It was contended by the appellants that their imprisonment was illegal because the information was filed at a time when the grand jury was actually in session. The trial court refused to release the appellants, and this court in affirming the case, after quoting the statute, section 13645, said:

"Under this statute the county attorney is authorized to file a county attorney's information when the grand jury is not actually in session. From the record in this case, we find that the court, by approving the informations accepting the pleas and pronouncing the judgments in each case, evidently determined in effect that the grand jury, under the circumstances herein before set out, was not actually in session, and that the county attorney, under the statute above quoted, had authority to file the said informations. The appellants did not appeal, but waited over six years, and then commenced these habeas corpus proceedings."

This statement, made by the court in the case of Marsh v. Hollowell, was cited with approval by this court in Bennett v. Bradley, 216 Iowa 1267, page 1270, 249 N. W. 651, and we see no reason why it is not applicable to the facts of the case at bar.

We find no ground for reversing the judgment and order of the trial court, and it is, therefore, affirmed.—Affirmed.

ALBERT, KINTZINGER, ANDERSON, MITCHELL, HAMILTON, RICHARDS, and POWERS, JJ., concur.