**STATE of Iowa, Appellee,**

v.

**Larry Allen GORHAM, Appellant.**

**No. 55433.**

Supreme Court of Iowa.

April 25, 1973.

 

transcript of all record entries and papers on file in the office of the trial court clerk, which are now before us. See The Code 1971, Sections 793.6, 793.18.

It is thereby revealed that in support of the aforesaid motion to dismiss defendant invoked both Code § 795.2 and U.S.Const., amend. VI. He has also urged and here argues the so-called demand-waiver rule, specifically and by judicial construction inherent in § 795.2, is constitutionally proscribed. Gorham further contends trial court's order, being foundationed upon absence of any trial demand, citing supportively Pines v. District Court, 233 Iowa 1284, 10 N.W.2d 574 (1943), is reversibly erroneous.

We shall later refer to other salient facts as they relate to matters here to be considered.

I. The focal point of this controversy is Code § 795.2, which provides:

> "If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel, shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

John C. Platt and Jon M. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William G. Faches, County Atty., Cedar Rapids, for appellee.

RAWLINGS, Justice.

Defendant, Larry Allen Gorham, appeals from judgment entered on jury verdict finding him guilty of breaking and entering. We reverse.

The sole issue here presented is whether Judge Maxwell, by order entered October 29, 1971, erred in overruling defendant's motion to dismiss predicated on asserted denial of a speedy trial in violation of his statutory and constitutional rights.

An orderly approach to that problem necessitates a prefatory reference to the

Since 1943 this court has repeatedly held, under the various speedy trial statutory enactments in this jurisdiction an accused, unless not admitted to bail and unrepresented by counsel, waives right to a dismissal for failure to demand a speedy trial. See, *e. g.,* State v. Peterson, 189 N. W.2d 891, 892–894 (Iowa 1971); State v. Allnutt, 261 Iowa 897, 900–905, 156 N.W. 2d 266 (1968); State v. Long, 256 Iowa 1304, 1306–1308, 130 N.W.2d 663 (1964); Pines v. District Court, *supra.*

Now, for the first time since issuance of the opinion in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we are called upon to determine the propriety of our aforesaid demand-waiver rule.

II. Viewed in retrospect, several United States Supreme Court decisions presaged material changes to come within the ambit of speedy trial rights.

Klopfer v. North Carolina, 386 U.S. 213, 221–226, 87 S.Ct. 988, 992–995, 18 L.Ed.2d 1 (1967), unmistakably determined the Sixth Amendment right to speedy trial is applicable, via the Fourteenth Amendment, to state prosecutions.

Then Smith v. Hooey, 393 U.S. 374, 376–383, 89 S.Ct. 575, 576–579, 21 L.Ed.2d 607 (1969), held that incidents of a federal prisoner's second-class citizenship do not abridge his speedy trial rights and he is not, by reason of incarceration, precluded from effectively asserting a violation thereof.

Even more predictably the court said in Dickey v. Florida, 398 U.S. 30, 37–38, 90 S.Ct. 1564, 1568–1569, 26 L.Ed.2d 26 (1970):

"The right to a speedy trial is not a theoretical or abstract right but one rooted in hard reality in the need to have charges promptly exposed. If the case for the prosecution calls on the accused to meet charges rather than rest on the infirmities of the prosecution's case, as is the defendant's right, the time to meet them is when the case is fresh. Stale claims have never been favored by the law, and far less so in criminal cases. Although a great many accused persons seek to put off the confrontation as long as possible, *the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial.*" (Emphasis supplied).

The thought thus expressed was accentuated in a special concurrence by Justice Brennan, 398 U.S. at 48–51, 90 S.Ct. at 1574–1575 where he predictably observed: "The view that an accused loses his right to a speedy trial by silence or inaction is open to question * · * *." This is followed by an in depth analysis of the subject with abundant supportive citations. See also United States v. Baron, 336 F. Supp. 303 (S.D.N.Y.1971); Glasgow v. State, 469 P.2d 682, 684–687 (Alaska 1970); People v. Collins, 388 Mich. 680, 202 N.W.2d 769, 771–772 (1972).

III. Any doubts which may have existed under the foregoing pronouncements were finally laid to rest in Barker v. Wingo, cited above.

There, after repudiating the applicability of a fixed or rigid time limitation to constitutionally mandated speedy trial rights, the court proceeded to discuss the so-called demand-waiver rule. In so doing it said, 407 U.S. at 523, 92 S.Ct. at 2188–2191:

"We do not establish procedural rules for the States, except when mandated by the Constitution. We find no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months. *The States, of course, are free to prescribe a reasonable period consistent with constitutional standards,* but our approach must be less precise. (Emphasis supplied).

"The second suggested alternative would restrict consideration of the right to those cases in which the accused has demanded a speedy trial. Most States have recognized what is loosely referred to as the 'demand rule' [demonstrably cited is Pines v. District Court, 233 Iowa 1284, 10 N.W.2d 574 (1943)], although eight States reject it.[1] It is not clear, however, precisely what is meant by that

---

1. See n. 21 in the cited case. To the eight cases listed thereunder may now be added Rutherford v. State, 486 P.2d 946 (Alaska 1971); Holland v. State, 480 S.W.2d 597 (Ark.1972); People v. Collins, 388 Mich. 680, 202 N.W.2d 769 (1972).

term. * * * We shall refer to the former approach as the demand-waiver doctrine. The demand-waiver doctrine provides that a defendant waives any consideration of his right to speedy trial for any period prior to which he has not demanded a trial. Under this rigid approach, a prior demand is a necessary condition to the consideration of the speedy trial right. This essentially was the approach the Sixth Circuit took below.

"Such an approach, by presuming waiver of a fundamental right from inaction, is inconsistent with this Court's pronouncements on waiver of constitutional rights. The Court has defined waiver as 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Courts should 'indulge every reasonable presumption against waiver', Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 812, 81 L.Ed. 1177 (1937), and they should 'not presume acquiescence in the loss of fundamental rights', Ohio Bell Tel. Co. v. Public Utilities Comm'n, 301 U.S. 292, 307, 57 S.Ct. 724, 731, 81 L.Ed. 1093 (1937). In Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70 (1962), we held:

" 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandably rejected the offer. Anything less is not waiver.' Id., at 516, 82 S.Ct., at 890.

"The Court has ruled similarly with respect to waiver of other rights designed to protect the accused. See, e. g., Miranda v. Arizona, 384 U.S. 436, 475–476, 86 S.Ct. 1602, 1628–1627, 16 L.Ed.2d 694 (1966); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

"In excepting the right to speedy trial from the rule of waiver we have applied to other fundamental rights, courts that have applied the demand-waiver rule have relied on the assumption that delay usually works for the benefit of the accused and on the absence of any readily ascertainable time in the criminal process for a defendant to be given the choice of exercising or waiving his right. But it is not necessarily true that delay benefits the defendant. There are cases in which delay appreciably harms the defendant's ability to defend himself. Moreover, a defendant confined to jail prior to trial is obviously disadvantaged by delay as is a defendant released on bail but unable to lead a normal life because of community suspicion and his own anxiety.

"The nature of the speedy trial right does make it impossible to pinpoint a precise time in the process when the right must be asserted or waived, but that fact does not argue for placing the burden of protecting the right solely on defendants. A defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process. *Moreover, for the reasons earlier expressed, society has a particular interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest.* (Emphasis supplied).

"It is also noteworthy that such a rigid view of the demand rule places defense counsel in an awkward position. Unless he demands a trial early and often, he is in danger of frustrating his client's right. If counsel is willing to tolerate some delay because he finds it reasonable and helpful in preparing his own case, he may be unable to obtain a speedy trial for his client at the end of that time. Since under the demand-waiver rule no time runs until the demand is made, the government will have whatever time is otherwise reasonable to

bring the defendant to trial after a demand has been made. Thus, if the first demand is made three months after arrest in a jurisdiction which prescribes a six months rule, the prosecution will have a total of nine months—which may be wholly unreasonable under the circumstances. The result in practice is likely to be either an automatic, *pro forma* demand made immediately after appointment of counsel or delays which, but for the demand-waiver rule, would not be tolerated. Such a result is not consistent with the interests of defendants, society, or the Constitution.

"We reject, therefore, the rule that a defendant who fails to demand a speedy trial forever waives his right. This does not mean, however, that the defendant has no responsibility to assert his right. We think the better rule is that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right. Such a formulation avoids the rigidities of the demand-waiver rule and the resulting possible unfairness in its application."

Finally, on this subject, legal scholars almost unanimously condemn any application of the demand-waiver rule to speedy trial rights. See, *e. g.,* The Right to a Speedy Trial, 20 Stan.L.Rev. 476, 479–480 (1968); The Lagging Right to a Speedy Trial, 51 Va.L.Rev. 1587, 1601–1610 (1965); 8A J. Moore, Federal Practice, § 48.04[1] at 30–31; 3 C. Wright, Federal Practice and Procedure: Criminal, § 814 at 317–318; ABA Standards Relating to Speedy Trial, § 2.2, and commentary at 17–18 (Approved Draft 1968). As Chief Justice Burger has aptly observed, it is inconsistent with human nature to expect a criminal defendant to insist on his own trial. See The State of the Judiciary—1970, 56 A.B.A.J. 929, 931.

IV. Unquestionably our total demand-waiver construction of § 795.2 in Pines v. District Court, cited in the foregoing quote from Barker v. Wingo, has become as much a part of that Act as though written into it. Illustratively, this court said in State v. Long, 256 Iowa 1304, 1308, 130 N.W.2d 663, 665 (1964):

"The Act of the 60th General Assembly quite clearly indicates the legislature was fully aware of the rule requiring a demand by an accused for trial in order to be entitled to a speedy trial. By plain implication the legislature chose to leave such requirement intact except as to defendants not admitted to bail and not represented by counsel."

See also Jahnke v. Incorporated City of Des Moines, 191 N.W.2d 780, 787 (Iowa 1971); Mallory v. Paradise, 173 N.W.2d 264, 266 (Iowa 1969); State v. Stueve, 260 Iowa 1023, 1027, 150 N.W.2d 597 (1967); 2 Sutherland, Statutory Construction, § 5109 (3d ed., Horack, 1943).

V. As aforesaid, however, this court is now squarely called upon to re-evaluate our demand-waiver construction of Code § 795.2.

■ At the outset we are satisfied the stare decisis doctrine does not preclude a re-examination of Pines v. District Court, *supra,* and its offspring.

In that regard the court said in Helvering v. Hallock, 309 U.S. 106, 119, 60 S.Ct. 444, 451, 84 L.Ed. 604 (1940):

"We recognize that stare decisis embodies an important social policy. It represents an element of continuity in law, and is rooted in the psychologic need to satisfy reasonable expectations. But stare decisis is a principle of policy and not a mechanical formula of adherence to the latest decision, however recent and questionable, when such adherence involves collision with a prior doctrine more embracing in its scope, intrinsically sounder, and verified by experience."

See also Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235,

241, 90 S.Ct. 1583, 1587, 26 L.Ed.2d 199 (1970).

Neither does want of specific legislative repudiation of our statutory construction of § 795.2 in *Pines* and succeeding cases, bar us from now reconsidering them. See Helvering v. Hallock, 309 U.S. at 119–122, 60 S.Ct. at 451–453.

Additionally the United States Supreme Court analogously observed in Girouard v. United States, 328 U.S. 61, 69–70, 66 S.Ct. 826, 830, 90 L.Ed. 1084 (1946):

"It is at best treacherous to find in Congressional silence alone the adoption of a controlling rule of law. We do not think under the circumstances of this legislative history that we can properly place on the shoulders of Congress the burden of the Court's own error. * * * The silence of Congress and its inaction are as consistent with a desire to leave the problem fluid as they are with an adoption by silence of the rule of those cases."

See also Stuart v. Pilgrim, 247 Iowa 709, 713–715, 74 N.W.2d 212 (1956); 50 Am. Jur., Statutes, § 443.

■ In light of contemporary standards we now reject the rule that absent a demand an accused, per se, waives his right to a Code § 795.2 speedy trial.

From this it follows that to the extent Pines v. District Court and its successors conflict herewith they are no longer controlling.

It must be understood, however, this holding is restricted to (1) the case at bar, (2) cases now pending on appeal where the defendant has, in trial court, timely and properly challenged the demand-waiver rule, and (3) cases in which an indictment is returned or county attorney's information is filed after the filing of this opinion. See generally Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882 (1966). See also State v. Alvar-

ez, 189 Neb. 281, 202 N.W.2d 604, 611 (1972).

VI. The foregoing conclusion poses, in turn, a question as to whether Code § 795.2 is still viable.

Prefatorily we are satisfied that statutory enactment is not, per se, subject to any existent constitutional interdiction. See Barker v. Wingo, 407 U.S. at 522, 92 S.Ct. at 2188; State v. Alvarez, 202 N.W.2d at 610; cf. Burgett v. Texas, 389 U.S. 109, 113–114, 88 S.Ct. 258, 261, 19 L.Ed.2d 319 (1967). See also ABA Standards Relating to Speedy Trial, § 2.1, and commentary at 14–16 (Approved Draft 1968).

Furthermore, the 1971 Session of the Sixty-Fourth General Assembly, by chapter 77, section 10 (The Code 1973, Section 4.-12) declared:

"If any provision of an Act or statute or the application thereof to any person of circumstance is held invalid, the invalidity does not affect other provisions or applications of the Act or statute which can be given effect without the invalid provision or application, and to this end the provisions of the Act or statute are severable."

Also on that subject we find in United States v. Jackson, 390 U.S. 570, 585, 88 S. Ct. 1209, 1218, 20 L.Ed.2d 138 (1968), this analogous quote from Champlin Rfg. Co. v. Corporation Commission of State of Okl., 286 U.S. 210, 234, 52 S.Ct. 559, 565, 76 L. Ed. 1062 (1932):

" 'The unconstitutionality of a part of an act does not necessarily defeat * * * the validity of its remaining provisions. Unless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law.' "

See Lee Enterprises, Inc. v. Iowa State Tax Com'n, 162 N.W.2d 730, 741 (Iowa

1968); 2 Sutherland, Statutory Construction, §§ 2401–2403 (3d ed., Horack, 1943).

■ We therefore conclude, even though our prior construction of § 795.2 be severed therefrom, that enactment remains sufficiently complete in itself to be capable of execution in accord with apparent legislative intent.

Moreover, there is no plausible basis upon which to now hold the legislature would not have enacted and re-enacted Code § 795.2 separate and apart from our instantly determined invalid demand-waiver rule. See generally The Code 1973, Section 4.10.

In other words the dominant legislative purpose in enacting § 795.2 enforceably remains, i. e., the imposition of a designated trial time limitation subject to specified exceptions. It still stands as a viable statutory enactment.

VII. Neither does the *second* sentence of § 795.2, quoted above, added by the 1963 Session of the Sixtieth General Assembly, ch. 332, § 2, militate against the above holding.

■ As applied hereunder the aforesaid amendment merely says, in effect, when an accused is neither at liberty on bail nor represented by an attorney, then absence of demand for or assertion of right to a speedy trial shall under no circumstances be considered in connection with trial time delay.

■ VIII. On the other hand the *first* sentence of § 795.2, quoted above, as instantly construed, means (1) an accused, on bail and represented by counsel, whose trial has not been postponed upon his application is entitled to a dismissal if not brought to trial within 60 days after being indicted unless "good cause" to the contrary be prosecutorially shown, and (2) courts must engage in an *ad hoc* delicate balancing process in evaluating any "good cause" so shown. See generally People v. Collins, 388 Mich. 680, 202 N.W.2d 769

(1972); State v. Alvarez, 202 N.W.2d at 610–611; ABA Standards Relating to Speedy Trial, §§ 2.1–2.3, and commentaries at 14–32 (Approved Draft 1968); Dunahoo and Sullins, Speedy Justice, 22 Drake L.Rev. 266 (1973); cf. United States v. Marion, 404 U.S. 307, at 325, 92 S.Ct. 455, at 463–466, 30 L.Ed.2d 468.

IX. Mindful of the foregoing we turn now to the factual situation to which reference was heretofore generally made.

April 26, 1971, Gorham was charged by county attorney's information.

April 26, 1971, defendant-indigent was arraigned and first counsel appointed to represent him.

May 17, 1971, accused was, at his request, committed to the medical facility at Oakdale for mental evaluation.

July 14, 1971, he was returned to and confined in the Linn County Jail.

September 3, 1971, the court ordered that trial commence October 11, 1971.

September 10, 1971, defendant, not being advised as to the above trial date order, wrote one or more of the presiding judges, thereby requesting a trial time be fixed.

September 13, 1971, Gorham entered a not guilty plea. The same date he requested appointment of a replacement attorney.

September 29, 1971, defendant's newly appointed counsel moved, as aforesaid, for dismissal based on denial of a speedy trial.

October 29, 1971, Judge Maxwell overruled defendant's dismissal motion.

■ Stated briefly, absent any defense initiated cause for delay, (1) 61 full days elapsed from the time Gorham was incarcerated in the Linn County Jail on return from the medical facility and his request for replacement counsel; (2) 76 days passed between his return from the facility and filing of the previously mentioned motion to dismiss; (3) the initial trial date fixed

by court order was 89 days after defendant's aforesaid return to jail.

January 17, 1972, the case came on for trial before Judge Vietor. This was 129 days subsequent to defendant's request that a trial time be fixed, or 98 days after the originally ordered trial date.

In any event, the State makes no attempt to show "good cause" for the extended delay in bringing this incarcerated defendant to trial within the 89 day interval from July 14, 1971, date of Gorham's return from the medical facility, and October 11, 1971, original trial date. Actually the State concedes the latter 72 days of that delay interval were without good cause but attempts to circumvent same with this argument:

"[I]t can be seen that the court is essentially faced with accounting for the delay between August 1, the date of the visit by defendant's counsel, and October 11, the date for which trial was originally scheduled. This delay is more than sixty days. However, as indicated above, defendant can assert the sixty day rule of Section 795.2 only if he makes a formal demand, which defendant did not do."

It is thus evident the State here relies solely on the heretofore determined impermissible demand-waiver rule. Therefore, absent any State shown good cause for delay, it is apparent Gorham was denied his statutorily prescribed right to a speedy trial. By reason of that conclusion we neither reach nor resolve the broader related constitutional issue here raised by defendant.

X. This case must be reversed and remanded for dismissal. See generally Barker v. Wingo, 407 U.S. at 522, 92 S.Ct. at 2188; State v. Bowers, 162 N.W.2d 484, 487–488 (Iowa 1968); ABA Standards Relating to Speedy Trial, § 4.1 and commentary at 40–41 (Approved Draft 1968); 22 Drake L.Rev. at 289–291.

Reversed and remanded for dismissal.