**STATE of Iowa, Appellee,**

v.

**Irvin JOHNSON, Appellant.**

**No. 55526.**

Supreme Court of Iowa.

March 27, 1974.

R. Fred Dumbaugh and Guy P. Booth, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Ray Sullins, Asst. Atty. Gen., and David J. Dutton, Co. Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

The only issue presented by this appeal is defendant's claim he is entitled to a dismissal because he was not tried within 60 days after the county attorney's information against him was filed. See § 795.2, The Code. We affirm the judgment.

The information was filed on December 8, 1971. It charged defendant with the crime of aggravated robbery committed in violation of § 711.2, The Code. He was arraigned the same day, and at that time demurred to the information. A hearing on the demurrer was set for December 21, 1971. It was then withdrawn and defendant entered a not guilty plea. On that same date he demanded a speedy trial.

Sixty-three days later—February 22, 1972—defendant's trial started. He asserted in the trial court, and repeats here, his claim that the state failed to comply with the mandatory provisions of § 795.2, The Code. He argues the trial court erred in finding the state had shown good cause for the delay and the charge against him must therefore be dismissed. State v. Allnutt, 261 Iowa 897, 901, 156 N.W.2d 266, 268 (1968).

Although the trial court overruled defendant's motion on the ground the state had shown good cause for delay, we need not reach that point because of our conclusion that defendant was brought to trial within the terms of § 795.2 when the 60-day period there provided for is computed as directed by § 4.1(23), The Code. We have held this statute applicable to both civil and criminal cases. State v. Smith, 162 Iowa 336, 339, 144 N.W. 32, 33 (1913).

◼ A preliminary matter, however, must first be disposed of. Defendant argues he should have the benefit of the principles announced by us in State v. Gorham, 206 N.W.2d 908, 915 (Iowa 1973). There we modified our demand-waiver rule to conform to the standards of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), placing a much greater burden on the state to justify delay in bringing a defendant to trial.

But we specifically held *Gorham* to be prospective in its application. We said it should apply to (1) the *Gorham* case itself; (2) cases then on direct appeal in which the demand-waiver rule had been properly

challenged in the trial court; and (3) cases in which an indictment was returned or an information filed after April 25, 1973, the date *Gorham* was decided.

Obviously the first of these is inapplicable; so is the third, since the information was filed prior to April 25, 1973. The second, too, must be ignored because no attack on the demand-waiver rule was made below. Consequently this appeal must be decided on our interpretation of § 795.2 prior to *Gorham*.

◼ Since defendant was represented by counsel from the time of his arraignment, he was required by pre-Gorham rules to make a demand for speedy trial before the 60 days started ticking off. State v. Gorham, supra, 206 N.W.2d at page 909. Here the demand was made December 21, 1971. The sixtieth day after December 21, 1971, was a Saturday, February 19, 1972. The following day, February 20, was a Sunday and the next day, Monday, February 21, was a legal holiday—"the third Monday in February." Trial started Tuesday, February 22nd, the 63rd day after the demand was made. Does this chronology demand dismissal of the charge? Our answer is no. We hold this fully complied with § 795.2 when the 60-day period of that statute is computed according to the formula set out in § 4.1(23), The Code.

The pertinent part of § 795.2 is as follows:

"If a defendant * * * be not brought to trial within sixty days after the indictment is found [or information is filed], the court must order it to be dismissed * * *."

The full text of § 4.1(23), The Code, is here set out:

"In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday, *provided that, whenever by the provisions of any statute or rule pre-*

scribed under authority of a statute, the last day for the commencement of any action or proceedings, the filing of any pleading or motion in a pending action or proceedings or the perfecting or filing of any appeal from the decision or award of any court, board, commission or official falls on a Saturday, a Sunday, the first day of January, the twelfth day of February, the third Monday in February, the last Monday in May, the fourth day of July, the first Monday in September, the fourth Monday in October, the fourth Thursday in November, the twenty-fifth day of December, and the following Monday whenever any of the foregoing named legal holidays may fall on a Sunday, and any day appointed or recommended by the governor of Iowa or the president of the United States as a day of fasting or thanksgiving, the time therefor shall be extended to include the next day which is not a Saturday, Sunday or such day hereinbefore enumerated." (Emphasis added.)

 We hold defendant's trial was a "proceedings" under this statute. It follows that when Saturday, Sunday, and Monday—the sixtieth, sixty-first and sixty-second days after demand—are eliminated under the rule of § 4.1(23), defendant's trial on the sixty-third day was timely and affords no ground for dismissal.

Not only does this comply with the literal terms of the two statutes involved, but any other interpretation would lead to a strained and absurd result. The purpose of § 795.2 is to provide defendant a speedy trial and to relieve him from the hardship of indefinite incarceration awaiting trial or the anxiety of suspended prosecution, if at liberty on bail, and to require courts and peace officers to proceed with reasonable promptness and dispatch. See 59 Iowa L. Rev. 389 (1973); 22 Drake L.Rev. 266 (1973); State v. Allnutt, supra, 261 Iowa at 901, 156 N.W.2d at 268. The rule we state here fully protects these principles.

In construing statutes we should "look to the object to be accomplished, the evils and mischiefs sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it." State v. Robinson, 165 N.W.2d 802, 805 (Iowa 1969). We believe we have observed these canons by our decision in the present case.

We hold, first, State v. Gorham, supra, does not apply to this case and, second, defendant was tried within the statutory period of § 795.2 computed according to § 4.-1(23).

The judgment is affirmed.

Affirmed.