James Manus BOYLE, Petitioner,

v.

Anthony M. CRITELLI, Judge of the Des Moines Municipal Court, Respondent.

No. 2–57569.

Supreme Court of Iowa.

June 25, 1975.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Harold A. Young, Asst. County Atty., for petitioner.

John P. Roehrick, Comito, Roehrick & Vincent, Des Moines, for respondent.

Heard before MOORE, C. J., and MASON, REES, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

James Manus Boyle (petitioner) was indicted on two charges of robbery with ag-

gravation in violation of § 711.2, The Code. He was later charged by county attorney's information with interference with the administration of justice in violation of § 723.-1, The Code. We granted a writ of certiorari on petitioner's application to review his claim the charges should be dismissed for want of a speedy trial. We hold petitioner's rights to a speedy trial have not been denied and annul the writ.

After the indictments were returned on November 15, 1972 petitioner was released on bond. On December 20, 1972 the third charge, that of interference with the administration of justice, was filed alleging intimidation of a State witness in one of the cases of robbery with aggravation. Petitioner was thereafter incarcerated in the Polk County jail.

Petitioner was represented by counsel through whom he requested psychiatric examination and evaluation. In response the trial court, on January 3, 1973, transferred petitioner to a Des Moines hospital where the examination could be conducted. On January 9, 1973 petitioner escaped from this hospital and remained at large until September 28, 1973 when he was captured and returned to jail.

Petitioner's counsel again requested psychiatric evaluation and moved the court to send him to the Iowa security medical facility at Oakdale. The request was granted. On November 13, 1973 the trial court ordered petitioner to the facility and directed a written evaluation be made. Petitioner was evaluated and returned to jail February 21, 1974.

On May 29, 1974 petitioner moved to dismiss the three charges on the claim his constitutional and statutory rights to a speedy trial had been violated.

Delay in bringing petitioner's case to trial following his return from Oakdale stemmed from what the trial court described as a "breakdown in the system whereby the medical security facility would furnish the report to the court." In requesting the evaluation petitioner's counsel asked the report be made available to him. The court ordered the evaluation to be submitted only to the court. As it happened it was apparently submitted to no one until a motion to dismiss was filed and set for hearing July 19, 1974.

On July 18 the trial court telephoned Oakdale and requested a copy of the psychiatric evaluation. A copy, dated February 25, 1974, was received on July 19, 1974. The trial court noted the failure of the facility to timely furnish the report and excused the county attorney's office for the delay since the report had not been ordered sent to that office. The trial court found good cause existed for delay in defendant's being brought to trial and on that basis overruled the motion to dismiss.

I. Petitioner's motion was based in part on a failure to bring trial within 60 days from the time of indictment pursuant to § 795.2, The Code.

Prior to 1973 we adhered to the demand-waiver rule under which an accused, unless not admitted to bail and unrepresented by counsel, waived the right to complain unless he demanded a speedy trial. State v. Peterson, 189 N.W.2d 891, 892–894 (Iowa 1971); State v. Allnutt, 261 Iowa 897, 900–905, 156 N.W.2d 266 (1968). However in State v. Gorham, 206 N.W.2d 908, 913 (Iowa 1973) we abolished the demand-waiver rule. In Gorham, which was filed April 25, 1973, we specifically restricted the holding abolishing the demand-waiver rule to " * * * (1) the case at bar, (2) cases now pending on appeal where the defendant has, in trial court, timely and properly challenged the demand-waiver rule, and (3) cases in which an indictment is returned or county attorney's information is filed after the filing of this opinion." 206 N.W.2d at 913.

■ Petitioner's charges antedated our opinion in Gorham. He failed to file a motion for speedy trial and accordingly cannot rely on § 795.2, The Code. State v. Taylor, 211 N.W.2d 264, 266 (Iowa 1973).

■ II. Petitioner separately relies on his right to speedy trial under Amendments 6 and 14 to the United States Constitution and Art. I, § 10 of the Iowa Constitution. In considering this claim we do not look only upon the 60 days following his return from Oakdale as petitioner would have us. State v. Manning, 224 N.W.2d 232, 235 (Iowa 1974). We look rather to the entire period from the time charges were brought against petitioner until the filing of his motion. We balance four factors outlined in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): " * * * Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." In State v. Lyles, 225 N.W.2d 124, 126 we said:

"Although the State, not the defendant, has the obligation to bring a defendant to trial, delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation. (Citations.) The State's duty to provide a defendant a speedy trial does not require that it play a game of hide-and-go-seek with him."

■ Viewing the whole of the period involved we believe the four factors weigh heavily against petitioner. Much of the delay was due to his absence while on escape. Most of the rest resulted from compliance with his request for examination and evaluation.

The trial court was right in denying his motion to dismiss.

Writ annulled.