STATE of Iowa, Appellee,

v.

Billy Ray ROGERS, Appellant.

No. 56817.

Supreme Court of Iowa.

Oct. 15, 1975.

Dale B. Hagen, Indianola, for appellant.

Richard C. Turner, Atty. Gen., John G. Mullen, Asst. Atty. Gen., and John Criswell, Warren County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

Defendant was convicted of the crime of larceny committed in violation of § 709.1, The Code. Sentence was imposed in accordance with § 709.2, The Code, and defendant appeals from that judgment. We affirm the trial court.

Defendant raises two issues: (1) Error in overruling his motion to dismiss the charges against him for failure to afford him a speedy trial under the provisions of § 795.2,

The Code; and (2) Error in overruling defendant's motion for directed verdict.

■ I. Defendant mistakenly relies on *State v. Gorham*, 206 N.W.2d 908 (Iowa 1973), in arguing he was entitled to have the charge dismissed for failure to provide him a speedy trial under the provisions of § 795.2, The Code. *Gorham* was filed on April 25, 1973, and was expressly limited to cases then pending on appeal in which the speedy trial issue had been raised in the trial court and cases in which an information or indictment was filed after that date. The present case falls within neither of these classifications, and *Gorham* therefore does not help defendant on this appeal. *See Boyle v. Critelli*, 230 N.W.2d 495, 496 (Iowa 1975).

Defendant attentively argues he is entitled to relief under § 795.2 because he made demand for a speedy trial according to pre-*Gorham* standards. We find no such demand was made. Although defendant asked dismissal of the charge for failure to bring him to trial, we have held this is not a demand for speedy trial. *See State v. Lindloff*, 161 N.W.2d 741, 744 (Iowa 1968); *cf. Boyle v. Critelli, supra*, 230 N.W.2d at 496.

■ II. As to the second point raised, we find there was sufficient evidence to submit the case to the jury. In considering such an alleged error, we review the evidence in the light most favorable to the State, including all reasonable inferences to be drawn therefrom. *State v. Dahlstrom*, 224 N.W.2d 443, 447–448 (Iowa 1974); *State v. Graham*, 221 N.W.2d 258, 259–260 (Iowa 1974). There is no merit to defendant's claim he was entitled to a directed verdict.

The judgment is

Affirmed.