STATE of Iowa, Appellant,

v.

Richard Lee SHEETS, Appellee.

No. 83–376.

Supreme Court of Iowa.

Oct. 19, 1983.

Todd D. Tripp, Asst. County Atty., for appellant.

Thomas T. Skewes, Fort Madison, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

The State has appealed from the dismissal of a trial information that charged the defendant Richard Lee Sheets with the crime of operating while intoxicated in violation of Iowa Code section 321.281. In a motion to dismiss, defendant alleged that the trial information was filed beyond the 45-day speedy indictment rule required by Iowa Rule of Criminal Procedure 27(2)(a). The trial court sustained defendant's motion and dismissed the charge. Because we disagree with the trial court's ruling, we reverse and remand for further proceedings.

Defendant was arrested at 2:19 a.m. on October 3, 1982, calendar day number 276. The trial information was filed during office hours on November 17, 1982, calendar day number 321. The defendant maintains that the 45-day period commences on the day of arrest. Thus, he claims the information was untimely filed on the 46th day after his arrest. The State contends the information was filed within the 45-day period, since Iowa Code section 4.1(22) governs the computation of time. In computing time, this section excludes the first day. The trial court adopted a different way to compute time, a fraction of the day method. The calendar entry reflects the court's notation that "court finds defendant was arrested at 2:19 a.m. on 10–03–82 and was not charged by information before expiration of the 45th day which elapsed on 2:19 a.m. on 11–17–82." We disagree with the method used by the trial court.

The general rule is that when the word "day" is used it means calendar day which includes the entire day from midnight to midnight. 86 C.J.S. *Time* § 12 (1954); 74 Am.Jur.2d *Time* § 13 (1974); *see Thrasher v. Haynes,* 221 Iowa 1137, 1139–40, 264 N.W. 915, 916 (1936). Rule 27(2)(a)

merely refers to a time period of 45 days. We find no language in the rule that indicates an intention to measure the time twenty-four hours from a given event. We follow the general rule and conclude that the 45th day ends at midnight. This does not answer the question as to what day the time period commences, however.

The defendant claims that the 45-day period found in rule 27(2)(a) commences on the date of his arrest. He cites our language in *State v. Sunclades,* 305 N.W.2d 491 (Iowa 1981), where on page 494 we stated "the plain language of rule 27(2)(a) provides that the period of time in which an indictment must be returned commences when the defendant is arrested." This language was used in our discourse concerning our conclusion that the arrest for the charged crime triggered the time period rather than a prior arrest for another public offense arising out of the same charge. It was not used in the context of the actual computation of time. Defendant's reliance on *Sunclades* is misplaced.

■ Conversely, the State's reliance upon section 4.1(22) to provide the appropriate method to compute the time period for the required speedy indictment is well-grounded. In determining statutory time periods, we have uniformly held that the statutory method of computing time controls unless it conflicts with the specific legislative intent as manifested by the language of the statute construed. *St. Paul Mercury Indemnity Co. v. Nyce,* 241 Iowa 550, 563, 41 N.W.2d 682, 690 (1950). We have applied the formula contained in section 4.1(22) in a criminal case in computing the time period of the speedy trial statute. *State v. Johnson,* 216 N.W.2d 335, 336–37 (Iowa 1974). We find nothing in the language of rule 27(2)(a) that indicates an intent that the time limitation be computed differently than the manner proscribed in section 4.1(22).

■ In conclusion, we compute the 45-day period by excluding the day of arrest, calendar day 276. The period ends at midnight on calendar day 321. Consequently, the information is timely. The motion to dismiss should have been denied.

We reverse and remand for further proceedings.

REVERSED AND REMANDED.