STATE of Iowa, Plaintiff–Appellee,

v.

Duane Allen PLOWMAN,
Defendant–Appellant.

No. 06–1985.

Court of Appeals of Iowa.

July 16, 2008.

Mark C. Smith, State Appellate Defender, and Jason Shaw, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney

General, Gary Allison, County Attorney, Korie Shippee and Kerrie L. Snyder, Assistant County Attorneys, for appellee.

Considered by VOGEL, P.J., and MAHAN and ZIMMER, JJ.

ZIMMER, J.

Duane Plowman appeals from his conviction and sentence for third-offense operating while intoxicated (OWI) in violation of Iowa Code section 321J.2 (2005). Plowman contends the district court entered an illegal sentence against him by sentencing him to third-offense OWI, rather than second-offense. We affirm.

## I. Background Facts and Proceedings.

Plowman was arrested for OWI on December 7, 2005. Because Plowman had previous convictions for OWI entered on December 7, 1993, and April 2, 1996, the State charged Plowman with third-offense OWI. Plowman filed a motion for adjudication of law points in which he argued that, under the twelve-year look-back provision of Iowa Code sections 321J.2(4)(a) and 321.12(4), the prior conviction entered on December 7, 1993, could not be considered for purposes of enhancing any sentence Plowman might receive for the December 7, 2005 offense. The court overruled his motion, concluding Plowman was properly charged with third-offense OWI. Following a bench trial, Plowman was convicted of third-offense OWI and sentenced to a five-year prison term.

Plowman now appeals, arguing the district court entered an illegal sentence by sentencing him for third-offense OWI. He contends the court should have sentenced him to second-offense, rather than third-offense, OWI because (1) the twelve-year enhancement period regarding the December 7, 1993 conviction expired prior to the current offense or (2) the OWI conviction dated December 7, 1993, would have been expunged from his driving record on December 7, 2005, negating the ability of the court to use the 1993 conviction for sentencing enhancement purposes.

## II. Scope and Standards of Review.

We may correct an illegal sentence at any time. Iowa R.Crim. P. 2.24(5)(a); *State v. Halliburton*, 539 N.W.2d 339, 343 (Iowa 1995). We review issues of statutory interpretation and application for errors of law. Iowa R.App. P. 6.4; *State v. Morris*, 416 N.W.2d 688, 689 (Iowa 1987). "The primary purpose of statutory construction is to determine legislative intent." *State v. McCoy*, 618 N.W.2d 324, 325 (Iowa 2000).

## III. Discussion.

Iowa Code section 321J.2(4)(a) provides that "[a]ny conviction ... deleted from motor vehicle operating records pursuant to section 321.12 shall not be considered as a previous offense" in determining if a violation charged is a second or subsequent offense for purposes of criminal sentencing. Pursuant to section 321.12(4), convictions for operating while intoxicated "shall be deleted from the operating records twelve years *after* the date of conviction." (Emphasis added.). Consequently, section 321J.2(4)(a) read in conjunction with section 321.12 provides a twelve-year time period in which a prior OWI offense can be used for sentencing enhancement purposes. *See* Iowa Code §§ 321J.2(4)(a), 321.12. The question here is when the twelve-year enhancement period begins.

Plowman first contends that the twelve-year enhancement period regarding the December 7, 1993 conviction expired prior to the December 7, 2005, offense and consequently the district court erred when it determined the twelve-year time period

included December 7, 2005. Plowman argues that the plain language of section 321.12(4) establishes the twelve-year enhancement period began running from the date of the conviction of the underlying offense, December 7, 1993. Plowman further maintains that the district court's reliance on section 4.1(34) and *State v. Sheets,* 338 N.W.2d 886, 887 (Iowa 1983), in support of its decision is misplaced because both section 4.1(34) and *Sheets* concern filing deadlines and not the computation of years or time for sentencing enhancement purposes. We disagree.

The controlling rule of statutory construction is: "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms." *State v. Knowles,* 602 N.W.2d 800, 801 (Iowa 1999) (citation omitted). Moreover, our supreme court has frequently stated that we do not resort to the rules of construction when the terms of the statute are unambiguous. *See Teamsters Local Union No. 421 v. City of Dubuque,* 706 N.W.2d 709, 714 n. 2 (Iowa 2005). In determining what the legislature intended in adopting a statute, the court is constrained to follow the express terms of the statute. *State v. Byers,* 456 N.W.2d 917, 919 (Iowa 1990). We do not speculate as to the probable legislative intent apart from the words used in the statute, *State v. Adams,* 554 N.W.2d 686, 689 (Iowa 1996), and we resort to rules of statutory construction only when a statute is ambiguous. *State v. Gilmour,* 522 N.W.2d 595, 597 (Iowa 1994). "Words and phrases shall be construed according to the context and the approved usage of the language...." Iowa Code § 4.1(38).

Iowa Code section 321.12(4) expressly states convictions for operating while intoxicated "shall be deleted from the operating records twelve years *after* the date of conviction." (Emphasis added.) "After"

is defined as "[l]ater, succeeding, subsequent to, inferior in point of time or of priority or preference. Subsequent in time to." Black's Law Dictionary 61 (6th ed.1990). Moreover, "[i]t is the generally accepted rule that in computing a period of time 'from' or 'after' a day, date, act, or event, the day or event from which the time is calculated is excluded and the last day of the period is included." 86 C.J.S. *Time* § 17 (2006). Consequently, under the ordinary meaning o f "after," the plain language of section 321.12(4) establishes the date of the conviction is excluded from the calculation and the statutory twelve-year enhancement period begins running the date following the date of conviction.

Additionally, the Iowa Supreme Court has uniformly held that in determining statutory time periods, "the statutory method of computing time controls unless it conflicts with the specific legislative intent as manifested by the language of the statute construed." *Sheets,* 338 N.W.2d at 887. That statutory method, codified at section 4.1(34), provides in relevant part that "[i]n computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday." *See also Sheets,* 338 N.W.2d at 887 (applying what is now section 4.1(34) (formerly section 4.1(22)) to the speedy indictment rule). Although Plowman asserts section 4.1(34) only applies to filing deadlines, nothing in the statute indicates its application is so limited. Both sections 4.1(34) and 321.12(4) confirm the date of the conviction is excluded from the calculation and the statutory twelve-year enhancement period begins running the date following the date of conviction.

In the present case, Plowman's first OWI conviction was entered December 7, 1993. The statutory twelve-year time pe-

riod for deleting the conviction from the operating records began to run December 8, 1993. Therefore, the very last day in the twelve-year time period was December 7, 2005. As such, we conclude the district court did not err in determining the twelve-year enhancement period included December 7, 2005.

Plowman next argues that even if the district court's assessment of the time period was correct, section 321.12(4) required that Plowman's December 7, 1993 conviction be deleted from his driving record on December 7, 2005. Plowman argues that if the conviction were deleted on December 7, 2005, the same date as Plowman incurred the present offense, it would not be available for the court to use for sentencing enhancement purposes under section 321J.2(4)(a). This argument fails for the reasons stated above.

Section 321.12(4) provides that convictions for operating while intoxicated "shall be deleted from the operating records twelve years after the date of conviction." Under the plain meaning of section 321.12(4), the statutory twelve-year time period for deleting Plowman's conviction from the operating records began to run December 8, 1993. Consequently, the twelve-year time period included Decem-

ber 7, 2005. Twelve years after the date of conviction means the record would not have been deleted until December 8, 2005. Therefore, we conclude the district court did not err in determining that the December 7, 1993 conviction would not be deleted from his driving record on December 7, 2005.

### IV. Conclusion.

Because we conclude the district court did not err in determining the twelve-year time period included December 7, 2005, and the December 7, 1993 conviction would not be deleted from Plowman's driving record on December 7, 2005, we further conclude the district court did not enter an illegal sentence by using Plowman's December 7, 1993 conviction for sentencing enhancement on the December 7, 2005 OWI offense. Accordingly, we affirm Plowman's conviction and sentence for third-offense OWI.

**AFFIRMED.**