# IN THE COURT OF APPEALS OF IOWA

No. 15-0148
Filed September 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NATHAN LEE ROUSE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dickinson County, David C. Larson, District Associate Judge.

Nathan Rouse appeals his conviction and sentence following a guilty plea to operating while intoxicated, third offense, asserting claims of ineffective assistance of counsel. **AFFIRMED.**

Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Jon M. Martin, County Attorney, and Travis S. Johnson, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, P.J.**

Nathan Rouse appeals his conviction and sentence following a guilty plea to operating while intoxicated (OWI), third or subsequent offense, asserting claims of ineffective assistance of counsel. We affirm.

### I. *Background Facts and Proceedings*.

As the result of an October 1, 2013 incident, Rouse was charged with OWI and driving while barred. At an October 2014 plea hearing, Rouse entered an oral plea of guilty to the OWI charge. He was later sentenced to a five-year prison term pursuant to Iowa Code section 321J.2(5) (2013), and the driving while barred charge was dismissed. Rouse now appeals claiming his counsel was ineffective for permitting him to plead guilty because (1) there was an inadequate factual basis to support his plea and (2) his plea was not made voluntarily and intelligently.

### II. *Discussion*.

On appeal, a defendant generally cannot challenge the adequacy of a guilty plea proceeding if the defendant did not first assert the challenge in a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a). However, an exception to this rule applies "when a defendant alleges trial counsel was ineffective for permitting him to plead guilty to a charge for which there is no factual basis and for failing to thereafter file a motion in arrest of judgment." *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Accordingly, because Rouse argues his counsel was ineffective for permitting his guilty plea without establishing a factual basis, we may consider the claim on direct appeal if the record is adequate to make a determination; otherwise, the matter must be

preserved for possible postconviction-relief proceedings. *See id.* We find the record here is sufficient.

To establish that his trial counsel was ineffective, Rouse must prove by a preponderance of evidence that his trial attorney failed to perform an essential duty, and he was prejudiced as a result. *See Rhoades v. State*, 848 N.W.2d 22, 28-29 (Iowa 2014); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance of counsel claims are reviewed de novo. *See Rhoades*, 848 N.W.2d at 26.

### A. *Factual Basis.*

Counsel breaches an essential duty if there is no factual basis to support the guilty plea but permits the defendant to plead guilty and waive the right to file a motion in arrest of judgment anyway. *See id.* at 29. In such cases, prejudice is presumed. *Id.* Nevertheless, establishing that a factual basis in the record exists to support the defendant's guilty plea does not require the record to contain "the totality of evidence necessary to support a guilty conviction." *Id.* (citation and internal quotation marks omitted); *see also Finney*, 834 N.W.2d at 62 (stating "evidence that the crime was committed beyond a reasonable doubt" is not necessary in determining if a factual basis exists to support a guilty plea). Rather, the record need only demonstrate the facts to support the elements of the offense to which the defendant pled guilty. *Rhoades*, 848 N.W.2d at 29; *Finney*, 834 N.W.2d at 62.

Rouse contends that because the plea court failed to make any inquiry of him regarding his prior OWI convictions, "there was no admission as to prior offenses for the factual basis for the third or subsequent offense." He then

asserts that without such an admission there was not a factual basis for his guilty plea. We disagree.

We first note Rouse does not challenge the factual basis for his plea of guilty to the underlying OWI charge—nor could he. A factual basis for the OWI charge was clearly established through the colloquy between the court and Rouse at the plea hearing, as well as the minutes of evidence. *See State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010) (stating the factual basis can be found in "four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence").

It matters not that Rouse did not admit to the prior OWI convictions at the plea hearing. "A trial information which charges a prior violation for enhancement of punishment of the charged offense does not make the prior violation an element of the crime charged in the trial information." *State v. Schultz*, 604 N.W.2d 60, 62 (Iowa 1999). Thus, Rouse's prior OWI convictions are not an element of the 2013 OWI charge; they "only impact[] the penalty in the event guilt is found." *Id.* Therefore, Rouse's counsel was not ineffective for allowing him to plead guilty to the OWI charge without an admission to the prior OWI convictions.

Rouse's argument fails even if it is construed to be an assertion his sentence was illegal because there was insufficient proof he had prior OWI convictions to trigger the section 321J.2(5) enhancement. An illegal-sentence claim is reviewed for correction of errors at law. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). "Illegal sentences may be challenged at any time, notwithstanding that the illegality was not raised in the trial court or on appeal." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010).

At the sentencing hearing, Rouse was asked: "Sir, this is actually your fourth OWI, isn't it?" Rouse answered: "On the record it's the third." Additionally, Rouse's criminal history was admitted into evidence without objection from Rouse. The history shows prior OWI convictions in the years 2000, 2003, and 2007.[1] The 2003 and 2007 OWI convictions provided the factual basis for enhancement to OWI third offense. Therefore, imposition of the sentencing enhancement pursuant to section 321J.2(5) was not illegal.

Rouse's contention that there is no factual basis for his plea because the court did not make inquiry of him at the plea hearing as to his past violations has no merit. Accordingly, Rouse's attorney did not breach an essential duty in failing to file a motion in arrest of judgment challenging the factual basis for the plea.

### B. Voluntariness and Understanding of the Plea.

Rouse contends his plea "was not knowing and voluntary because the court below also failed to inquire as to whether [he] understood the range of possible punishments." He cites Iowa Rule of Criminal Procedure 2.8(2)(b)(2), which requires:

> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, *and determine that the defendant understands*, the following:
> . . . .
>      (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

---

[1] Under the statutory scheme, only the 2003 and 2007 convictions can be used to enhance the 2013 offense at issue in this case. *See* Iowa Code § 321J.2(2)(c), (5), (8)(a); *see also id.* § 321.12(4) (providing that a prior conviction predating the current offense by more than twelve years does not enhance the sentence); *State v. Plowman*, 757 N.W.2d 684, 685-86 (Iowa Ct. App. 2008).

(Emphasis added.) He concedes the court did inform him of the range of possible punishments but failed to inquire if he understood the possibilities. The record belies Rouse's assertion. After informing Rouse of the range of punishments and his trial rights, the court asked Rouse: "Do you understand the rights that I have just gone through with you?" Rouse responded: "Yes, Your Honor."

Additionally, without elaboration, Rouse asserts he was not told about the possibility of consecutive sentences. This claim has no merit. The on-the-record plea hearing only extended to the OWI charge. In any event, the driving while barred charge was dismissed, so there was nothing to run consecutive to the OWI sentence.

Rouse's contention that his plea was not knowing and voluntary because the court did not make inquiry of him as to his understanding the range of possible punishments he faced has no merit. Accordingly, Rouse's attorney did not breach an essential duty in failing to file a motion in arrest of judgment challenging the knowingness and voluntariness the plea.

### III. Conclusion.

For the forgoing reasons, we affirm Rouse's conviction and sentence for OWI, third or subsequent offense.

**AFFIRMED.**