**Ernest GARCIA DE LA ROSA,
Defendant-Appellant,**

v.

**UNITED STATES of America,
Plaintiff-Appellee.**

**No. 23145.**

United States Court of Appeals
Ninth Circuit.

Nov. 24, 25, 1969.

Grant Shimizu (argued), San Jose, Cal., for appellant.

Irving Prager (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLIN, MERRILL and KILKENNY, Circuit Judges.

HAMLIN, Circuit Judge:

Ernest Garcia De La Rosa, appellant herein, and one Manuel L. Lopez were indicted in the United States District Court for the Central District of California on April 12, 1967, charged with two counts of violation of 21 U.S.C. § 174 and one count of violation of 26 U.S.C. § 4705(a).[1] They were jointly tried to a jury and both were found guilty on all three counts. The conviction of Lopez has been affirmed previously by this court. 409 F.2d 1351 (9th Cir. 1969). Appellant was sentenced to five years on all three counts, the sentences to run concurrently. His *in forma pauperis* appeal is properly before this court under 28 U.S.C. § 1291.

Appellant makes two specifications of error on this appeal: (1) The defense of entrapment was established as a matter of law and such defense should not have been submitted to the jury for its consideration; and (2) the court erred in failing to submit to the jury instructions on the "procuring agent" theory.

In the instant case the facts concerning the alleged entrapment were sharply disputed. Appellant testified that he initially refused to procure the heroin, that he was suffering from withdrawal symptoms, and that he only

---

1. Count One charged that defendants sold and facilitated the sale of heroin (21 U.S.C. § 174). Count Two charged that defendants received, concealed and facilitated the concealment and transporta-tion of heroin (21 U.S.C. § 174). Count Three charged that defendants sold heroin without obtaining a written order form (26 U.S.C. § 4705(a)).

agreed to get the heroin when he was promised a larger share of the narcotics obtained. The government agent denied all of these claims and also testified that after the heroin transaction was completed future purchases of narcotics were discussed with the appellant and with Lopez. The question of entrapment was clearly a question of fact and not of law. The court properly submitted the issue of entrapment to the jury. Enciso v. United States, 370 F.2d 749 (9th Cir. 1967). Appellant made no objections to the instructions as given by the court on this subject and such instructions contained a proper statement of the law. We see no error of any kind in such action.

Appellant's second contention is equally without merit. No instructions upon the "procuring agent" theory were presented to the trial court and no objection was made by appellant to the instructions as given. In addition, a "procuring agent" may be properly convicted of violation of section 174 on grounds of either facilitating the transportation of heroin, Vasquez v. United States, 290 F.2d 897 (9th Cir. 1961), or facilitation of possession and sale, Cerda v. United States, 391 F.2d 219 (9th Cir.), cert. denied 393 U.S. 872, 89 S.Ct. 163, 21 L.Ed.2d 142 (1968).

Finding no error, we affirm.