UNITED STATES of America,
Appellee,

v.

Roberto OSUNA-SANCHEZ, Appellant.

UNITED STATES of America,
Appellee,

v.

Manuel AGUIRRE-BARREDA, Appellant.

UNITED STATES of America,
Appellee,

v.

Francisco VILLA-FLORES, Appellant.

Nos. 71-1497, 71-1495 and 71-1496.

United States Court of Appeals,
Ninth Circuit.

Aug. 3, 1971.

Rehearings Denied Aug. 24, 1971.

Gilbert Gonzalez, Manuel H. Garcia, Lawrence Ollason, Tucson, Ariz., for appellants.

James M. Wilkes, Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before BROWNING, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Each appellant was indicted, tried by a jury and convicted of a violation of 21 U.S.C. § 174, receiving, concealing and facilitating the transportation and concealment of 36 ounces of heroin.

## BACKGROUND

There is some dispute in the evidence but, viewing the evidence in the light most favorable to the government, it appears as follows: On January 20, 1970, customs agent Cavitt, acting as a prospective purchaser of heroin, arrived at the international boundary fence at Nogales, Arizona and met appellants Villa and Aguirre, who were on the Mexican side of the fence. The agent and the two Mexicans discussed the purchase of a large quantity of heroin, the agent of-

fering to purchase 20 ounces at $600.00 per ounce, to be delivered on the American side. Villa countered with an offer to sell for $550.00 an ounce, delivery to be made "at the fence". One week later, the agent rented a motel room in Nogales and that evening was visited by Villa and Aguirre, at which time an arrangement was made for the delivery of the heroin the following evening. The agent refused Villa's request that $500.00 be advanced to pay two others to bring the heroin across the border. The following evening Aguirre and appellant Osuna arrived at the motel in an automobile driven by the latter. Villa was not present. Aguirre contacted the agent in the motel room, said he had the heroin and wanted the money. The agent would not turn over the money until he had seen the heroin. Both Aguirre and Osuna were arrested as Osuna was trying to open the trunk. The arresting officers then pried open the trunk and found the heroin in the spare tire.

### MOTION TO SUPPRESS

This issue was decided against appellants in our previous opinion, United States v. Osuna-Sanchez, 431 F.2d 709 (9th Cir. 1970).

### SPEEDY TRIAL

Aguirre and Osuna say that the delay occasioned by the government's appeal denied them their Sixth Amendment right to a speedy trial. The delay, in major part, was caused by the allowance of the appellants' original motion to suppress and the appeal therefrom by the United States, which is permitted by 18 U.S.C. § 3731. The motion to suppress was allowed on April 20, 1970. Two days later, the government took the appeal. The case was taken under submission by a panel of the court of appeals on September 10, 1970, and the opinion of the panel was filed on the following September 21st. A motion for rehearing was denied on October 19th. After remand, the trial in the district court was commenced on the following November 25th. We hold that the appeal was "diligently prosecuted" within the meaning of § 3731 and that there is no merit to this contention.

### SUFFICIENCY OF THE EVIDENCE

Appellant Villa argues that the evidence is insufficient to show that he "facilitated the transportation of the heroin". His argument is grounded on the fact that he was not present at the time of delivery. There is substantial evidence that Villa was one of the chief negotiators for the sale and actually made the agreement which was consummated by the delivery of the heroin. Beyond question, the evidence was sufficient to support the finding of the jury that he facilitated the transportation and sale of the drug in violation of the statute. Garcia De La Rosa v. United States, 418 F.2d 562, 563 (9th Cir. 1969).

Other issues raised by Aguirre and Villa have received our consideration. We find them without merit.

The judgment of the lower court is affirmed.