STATE of Iowa, Appellee,

v.

Eugene F. SHOCKEY, Appellant.

No. 54958.

Supreme Court of Iowa.

Jan. 16, 1974.

Donald W. Sylvester, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., Zigmund Chwirka, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

MASON, Justice.

Eugene F. Shockey appeals from judgment following his conviction by a jury of possession of burglar tools in violation of section 708.7, The Code. He had been charged with the offense by a county attorney's information filed August 12, 1970, in the Woodbury district court but was not brought to trial until February 16, 1971.

Defendant contends the delay in bringing him to trial was grounds for dismissing the charge against him and the trial court erred in refusing to do so. He also asserts the court erred in refusing to give his requested instruction relating to possession of a .22 caliber derringer pistol.

The information just referred to was in regard to the criminal action designated as No. 35313 in the records of the office of the clerk of the Woodbury district court. An earlier information charging defendant with carrying a concealed weapon, criminal action No. 35312, is somewhat involved here in regard to the procedural history of the case. Although the record of 35312 is not before us, apparently when various counsel were appointed they were appointed to represent defendant in all actions.

A narration of the events following the filing of the information in criminal cause 35313 could be helpful to a clearer understanding of the issue presented by defendant's first assignment of error. August 17 defendant appeared for arraignment with H. A. McQueen whom he had retained as counsel and was given until August 28 to move or plead. On that date defendant pled not guilty to the charge and trial was set for October 5. September 22, Mr. McQueen, with the consent of defendant, withdrew as his attorney. October 12 Mr.

Forker, another Sioux City attorney, was appointed as defense counsel for defendant in criminal actions 35312 and 35313. Forker was also apparently appointed as defendant's counsel in a third action, No. 35350; at this time trial was reset for November 23 in criminal cause No. 35313.

November 10 defendant and Forker appeared before the court. Forker requested to withdraw from his representation of defendant citing as his reason that he had been appointed to represent defendant in criminal action 35350 about the same time, or prior to his appointment on cases 35312 and 35313, and that he had worked exclusively on those other cases and not at all on the latter. Forker further stated he had not prepared this case because the county attorney's office had advised him defendant was going to be tried on criminal matter 35350, which trial had been set for November 9. He further reasoned that if 35350 was tried the other charges would be set back for a period of time until a different jury panel was obtained. No. 35350 had been dismissed, however, prior to its trial date.

After a lengthy colloquy between the court, the assistant prosecutor, Forker and defendant in which the court made a careful inquiry to determine the reason for Forker's application to withdraw and whether defendant objected thereto, the court allowed Forker to withdraw from both case 35312 and 35313 to become effective at the time new counsel appeared for defendant. The court then advised defendant he was entitled to have an attorney of his choice appointed to represent him in the case at the expense of Woodbury County. At this point defendant informed the court he did not then have a choice but expected he possibly would by the following Monday.

Defendant was given until Tuesday, November 17, at 10:30 a. m. "at which time the defendant * * * [was to] be brought into the court to advise the court of the name of the attorney that he re-quests for appointment." Defendant failed to appear in court on the day set for formal appointment of counsel. Examination of the record discloses defendant did not at any time advance any explanation or reason why such appearance was not made. In fact, he did not appear in court again until January 14, 1971.

December 30, 1970 the court, without motion of defendant, had set the case for trial commencing January 18. Defendant's appearance with his present attorney Donald W. Sylvester January 14 was for the purpose of requesting an extension of time until 3:30 p. m. January 22 to further move or plead in criminal cause 35313 and a continuance of trial until January 25. The court granted defendant's requests.

January 20 defendant filed motion to dismiss criminal cause 35313 on the ground he had been denied his right to a speedy trial in violation of his statutory and constitutional rights. The motion to dismiss was overruled January 26. It is the ruling on this motion that serves as a basis for defendant's first assignment of error.

I. The relevant portions of defendant's January 20 motion to dismiss are set out in record in the following language:

" * * *

"1. That this Defendant was arrested on or about the 17th day of August, 1970.

"2. That this Defendant received the benefit of Court-appointed counsel on or about the 12th day of October, 1970, and further that the court-appointed counsel was permitted to withdraw from said case on or about the 10th day of November, 1970.

"3. That this Defendant has been incarcerated since the 1st day of September, 1970, and has been without the effective benefit of legal Counsel since the 10th day of November, 1970, and has remained without counsel until January 13, 1971.

"4. That the Defendant has been denied his right to a speedy trial as afforded un-

der the laws of the State of Iowa and the United States Constitution, and the Constitution of the State of Iowa.

"WHEREFORE, the Defendant respectfully requests that the charge now pending against the Defendant be dismissed."

The trial court's ruling on the foregoing motion is neither set out in the record nor in the clerk's transcript before us. The only reference in the record to the court's ruling is this statement: "On the 26th day of January, 1971, the Defendant's Motion to Dismiss was overruled." However, this court has been furnished a certified copy of a ruling isued in criminal cause 35312. The motion to dismiss in that cause was based on the grounds defendant had been denied a speedy trial as guaranteed under the state and federal constitutions. It is obvious the motions made in 35312 and 35313 were identical.

The record shows that in proceedings had November 10, 1970, when both criminal cause 35312 and 35313 were being considered, the court announced that "the same calendar entry will be made in this case [35313] as was made in 35312." It is a fair inference to be drawn from the practice indicated in the November 10 hearings that defendant's motion to dismiss in 35313 was denied by an order similar to that made in 35312 on January 25.

Defendant insists he is relying on section 795.2, The Code, in urging that the trial court erred in this ruling. This statute provides:

"Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel, shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

Defendant argues he is entitled to a dismissal of the charge under the terms and provisions of the second sentence of the quoted statute since he was not effectively represented by counsel from November 10, 1970 until January 14 and was not admitted to bail.

The record is not entirely clear as to whether defendant had been incarcerated since September 1, 1970, as he alleged in the motion to dismiss previously set out. The clerk's transcript discloses that an order was made August 17, 1970 releasing defendant from custody on his own recognizance without bond on that date. It does not show whether he had been returned to custody on this charge or was being confined on one of the several other charges pending against him. In this connection see State v. Mason, 203 N.W.2d 292 (Iowa 1972).

However, the court's judgment sentencing defendant to the state penitentiary in criminal cause 35313 provided: "Defendant shall receive credit for time already spent in custody on this charge." The copy of the mittimus included in the transcript has this clerk's note: "Defendant also to be given credit for time already spent in custody on this charge. Credit 210 days (9/1/70 to 4/7/71)."

Conceding that the foregoing record supports defendant's assertion he had been incarcerated before trial since September 1, the second sentence of section 795.2 relied on by defendant at this point in his argument requires he also be unrepresented by legal counsel. State v. Johnson, 167 N.W. 2d 696, 700 (Iowa 1969); Parrott v. Haugh, 158 N.W.2d 766, 769 (Iowa 1968). In this connection defendant argues he was without counsel from November 10, 1970, until January 14, 1971, a period of 65 days.

Shockey insists he could not have been deemed to have waived his rights to a speedy trial by failure to make demand under the foregoing circumstances.

Assuming arguendo that defendant's contention he was without counsel from November 10 until January 14 the following year is tenable the question thus presented for determination is whether a defendant can waive his right to a speedy trial by means other than his failure to make demand when he is both incarcerated and unrepresented by legal counsel.

The State does not contend defendant waived his right to a speedy trial by failure to make a demand but maintains that where delay in bringing a criminal case to trial is brought about by a defendant he waives his right to a speedy trial. This could be a persuasive argument in light of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, where the supreme Court in dealing with the right to a speedy trial as guaranteed by amendment 6 of the federal constitution set out the criteria by which the speedy trial right is to be judged. In rejecting both of the inflexible approaches—the fixed time period because it goes further than the Constitution requires; the demand-waiver rule because it is insensitive to a right which is deemed fundamental—the Court adopted the approach of a balancing test in which the conduct of both the prosecution and defendant is weighed.

The Court identified length of delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant as some of the factors which courts could assess in determining whether a particular defendant had been deprived of his right.

■ The question is whether the language in Barker v. Wingo, supra, in dealing with the constitutional provision may be relied on in resolving the question presented here in view of the second sentence of section 795.2, The Code, which goes further than the provisions of the state and federal constitutions require. The State, of course, is free to prescribe conditions which are not inconsistent with constitutional standards.

■ We conclude the language of *Barker* is relevant in determining whether a delay attributable to defendant may be considered as a factor in deciding whether defendant has waived his privilege of a speedy trial even though he be incarcerated and unrepresented by counsel. This interpretation embodies fundamental fairness essential to the very concept of justice both from the defendant's standpoint and society's interest in bringing swift prosecutions. Any other interpretation of this statutory provision would, in effect, declare that a defendant in such circumstances could not waive his right to a speedy trial by any means. We are not convinced the legislature so intended by the 1963 amendment adopted by the Regular Session, Sixtieth General Assembly, chapter 332, section 2, which added the second sentence to section 795.2.

It is our view the legislature solely intended by this amendment to eliminate the necessity of a demand or request by a defendant neither at liberty on bail nor represented by an attorney to protect his right to a speedy trial.

With this interpretation in mind we turn to the record in our pursuit to find whether the delay in trial here was attributable to defendant.

■ We recognize at the outset a defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process. Barker v. Wingo, 407 U.S. at 427, 92 S.Ct. at 2190, 33 L.Ed.2d at 115; State v. Gorham, 206 N.W. 2d 908, 911 (Iowa 1973), both cited by the State and prosecution.

As pointed out, the case was originally set for trial October 5, 1970, after defendant had appeared with retained counsel to enter his plea. October 12 defendant, represented by his first court-appointed counsel, sought and obtained the first of three continuances when commencement of his trial was continued to November 23. December 30 the case was reset for trial commencing January 18, 1971. Defendant, with

the aid of his newly court-appointed counsel who had replaced his former court-appointed attorney, obtained the third continuance January 14 when at his request trial was set commencing January 25. Defendant filed his motion to dismiss January 20. It was not ruled on until January 26. The case was again reset and the jury selected February 16.

Examination of the record of the November 10, 1970, hearing discloses the diligent effort the trial court made in securing defendant's right to a speedy trial. As stated, defendant's failure to apprise the court on November 17 of the name of the attorney he had selected to represent him at county expense was never explained. This delay is directly attributable to defendant as are the other delays detailed earlier.

■ When these delays are considered as a factor along with the length of delay shown here, the reasons therefor and lack of prejudice to the defendant as well as other circumstances shown by the record in assessing whether Shockey has been deprived of his right we conclude defendant was not denied a speedy trial in violation of section 795.2, The Code, as urged. See Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183.

■ It is obvious, of course, defendant was not denied his constitutional right to a speedy trial under either the state or federal constitutions. Barker v. Wingo and State v. Gorham, both supra. Defendant tells us his position is two-fold. If the court determines he waived his right to a speedy trial he then relies on State v. Gorham. *Gorham* determined that this court's demand-waiver rule as applied to section 795.2 was constitutionally defective in view of Barker v. Wingo. *Gorham* did not reach the problem presented here. Defendant's reliance is misplaced.

The assignment is without merit.

II. Defendant's remaining assignment challenges the court's failure to give his requested instruction relating to a derringer pistol found on defendant's person. The court did instruct on possession of burglar tools and implements as an element of the offense charged but not in the language of defendant's request.

■ Defendant made no objection to the instruction given either at the time the proposed instructions were furnished counsel as required by rule 196, Rules of Civil Procedure, or in motion for new trial. He did not except to the court's failure to give his requested instruction before the instructions were read to the jury and in motion for new trial his only complaint is stated in this language: "That the court improperly refused to instruct the jury as requested by the defendant."

Under this record defendant's assignment presents nothing for review. State v. Brown, 172 N.W.2d 152, 156–160 (Iowa 1969); State v. Gilmore, 181 N.W.2d 145, 146–147 (Iowa 1970); State v. Youngbear, 203 N.W.2d 274, 277–278 (Iowa 1972).

The case is therefore

Affirmed.