STATE of Iowa, Appellee,

v.

James Thomas LYLES, Appellant.

No. 56845.

Supreme Court of Iowa.

Jan. 22, 1975.

James W. Hughes, Fulton & Hughes, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for larceny in the nighttime in violation of Code § 709.4. He contends the charge should have been dismissed because he was neither speedily charged nor speedily tried, and he alleges the trial court erred in instructing the jury regarding evidence he had prior felony convictions. We find no merit in his contentions and affirm the trial court.

Defendant was arrested May 9, 1973. He was brought before District Associate Judge Howard Brooks a few hours later for preliminary arraignment and then admitted to bail without surety under the Polk County pretrial release program. He was charged in district court by county attorney's information filed July 6, 1973, 58 days later. His trial commenced September 12, 1973, 68 days after the county attorney's information was filed.

I. Defendant did not challenge the timeliness of the filing of the county attorney's information until after the jury verdict when he filed a motion in arrest of judgment. He then asserted he was entitled to have the charge dismissed because more than 30 days passed from the time he was held to answer on the charge until the charge was filed in district court. See § 795.1, The Code.

Unless a defendant is neither admitted to bail nor unrepresented by counsel he may waive his right to dismissal for lack of speedy indictment by not raising the issue before trial. State v. Lindloff, 161 N.W.2d 741, 744 (Iowa 1968); see State v. Myers, 215 N.W.2d 262, 264 (Iowa 1974), and citations. In this case defendant was admitted to bail during part of the time involved and was represented by an attorney during the whole period. He was admitted to bail from May 9, 1973, until August 6, 1973. He had an attorney of record, William Kutmus, from May 9 to August 21, 1973, at which time attorney Kutmus withdrew and present counsel was appointed to represent him.

Defendant had ample opportunity to file pretrial motions. In fact he filed a timely pretrial motion to dismiss the case under Code § 795.2 for want of a speedy trial.

In these circumstances we hold defendant waived his right to have the case dismissed for lack of speedy indictment by not raising the issue in timely manner before trial.

II. Defendant did file a timely motion to dismiss the case under § 795.2 because the State failed to bring him to trial within 60 days of the filing of the county attorney's information. The State resisted, urging there was good cause for delay. The trial court agreed and overruled the motion. The cause for delay asserted by the State and found sufficient by the trial court was defendant's failure to present himself for arraignment when requested to do so by the State.

Defendant said he was told he was to be arraigned July 9 or July 10, 1973. He said he arrived at the courthouse about 8 a. m. on the date involved and waited in a hallway on the third floor with a codefendant, Joseph Foster, for about two hours. When their names were not called by anyone during that period, the two men left. Defendant did not contact anyone or make anyone aware of his presence. He said he went home but was turned out by his wife. Un-

til early August he lived at various addresses. He did not disclose his whereabouts to the pretrial release office, his probation officer, or any other authority. In a pretrial release document defendant had agreed that notice to the pretrial release office would constitute notice to him personally.

Foster, the codefendant, was told by the pretrial release office the day after the scheduled arraignment that a warrant had been issued for his arrest for failure to appear for arraignment. He promptly appeared and was arraigned.

The county attorney's office notified the pretrial release office on at least four occasions during July and early August that defendant was to appear for arraignment. Finally, when defendant learned about August 6, 1973, that a warrant had been issued for his arrest, he reported to his probation officer. It appears he was then incarcerated for breach of probation.

On August 21, 1973, defendant was arraigned, and the case was assigned to be tried September 12, 1973.

Defendant maintains the State did not establish good cause for failing to try him within the 60 day period provided in § 795.-2. He alleges it was not his fault he was not arraigned earlier, and, in any event, lack of arraignment should not have interfered with bringing him to trial. We disagree.

■ Although the State, not the defendant, has the obligation to bring a defendant to trial, delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation. State v. Shockey, 214 N.W.2d 146, 151 (Iowa 1974); State v. LaMar, 224 N.W.2d 252 (Iowa 1974). The State's duty to provide a defendant a speedy trial does not require that it play a game of hide-and-go-seek with him.

In this case defendant admits he was on notice he was to appear for arraignment in district court on a certain date. When he appeared at the courthouse in response to this notice, he should have made his presence known either to the court or county attorney's office. The delay in processing his case caused by his failure to do so and his subsequent failure to advise even the pretrial release office of his various addresses is attributable to defendant, not the State.

■■ Arraignment is a prerequisite to trial, unless waived. § 775.1, The Code; see Pines v. District Court, 233 Iowa 1284, 1292, 10 N.W.2d 574, 579 (Iowa 1943) (overruled on other grounds by State v. Gorham, 206 N.W.2d 908 (Iowa 1973)). There is no basis for suggesting defendant waived arraignment by failing to appear for it. The State had a duty to proceed as required by statute. In doing so, it had a right to wait until arraignment to have a trial date set. Until arraignment the State did not know that defendant desired a trial and that he was ready for trial. When defendant was arraigned and entered a plea of not guilty his trial was promptly set.

■ Under this record we do not believe it was an abuse of discretion for the trial court to find the State established good cause for the delay in bringing defendant to trial. Cf. State v. Nelson, 222 N.W.2d 445 (Iowa 1974). The court did not err in overruling his motion to dismiss.

III. Defendant's remaining contention is that the trial court erred in instructing the jury regarding evidence he had prior felony convictions. The court told the jury such evidence could be considered for impeachment but no other purpose. See State v. Lyon, 223 N.W.2d 193 (Iowa 1974); State v. Mays, 204 N.W.2d 862, 867 (Iowa 1973). Before the instructions were read to the jury defense counsel excepted to this instruction as making defendant's testimony "dimunitive" and casting him as an incredible witness. He attempted to broaden this exception in his motion for new trial.

On appeal he contends the court erred in giving the instruction without an affirmative showing by the State that the prior

felony convictions involved dishonesty or false statement and were not remote. See State v. Martin, 217 N.W.2d 536 (Iowa 1974).

Defendant's contention is without merit for two reasons. First he did not make the objection now urged in the exception taken at trial. If a defendant excepts to instructions at trial he must rest on those exceptions. He may not later amplify or change them. State v. Buchanan, 207 N.W.2d 784, 787 (Iowa 1973). Defendant did not preserve the error he now alleges. Second, it was defendant's burden, not the State's, to show the nature of the prior felonies involved. Defendant failed to make the record required by State v. Martin, supra. See State v. Fields, 223 N.W.2d 197 (Iowa 1974).

We find no reversible error.

Affirmed.