STATE of Iowa, Appellant,

v.

Jean ALBERTSEN, Appellee.

No. 57172.

Supreme Court of Iowa.

April 16, 1975.

Lyle A. Rodenburg, County Atty., for appellant.

Peter J. Peters, Council Bluffs, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

The State appeals from a ruling of the trial court sustaining defendant's motion to dismiss this murder prosecution for want of a speedy trial. We reverse and remand for trial.

The sole question is whether the trial court erred in holding the State failed to show good cause for not bringing defendant

to trial within 60 days of the filing of the county attorney's information against her.

The clerk's transcript shows the following chronology of relevant events:

June 8, 1973 The county attorney's information was filed. Defendant was free on bail and remained so.

June 18, 1973 Defendant filed a motion to suppress evidence of alleged incriminating statements. Arraignment was commenced but then continued at defendant's request pending hearing and disposition of the motion to suppress.

July 6, 1973 The motion to suppress was heard and orally sustained.

July 11, 1973 An order was entered sustaining the motion to suppress.

July 17, 1973 The State filed a motion asking the court to rehear the suppression issue. No ruling on this motion appears.

August 1, 1973 The court set arraignment for August 2, 1973. The State filed an application to have the case set for trial August 7, 1973. The court entered an order finding the case could not be tried that date due to "reasons not attributable to delay by the state" and providing the case would be set for trial by later order.

August 2, 1973 The State gave notice of its application with the supreme court for interlocutory appeal or a writ of certiorari to obtain review of the suppression order.

August 3, 1973 Defendant was arraigned. She entered a plea of not guilty. Through counsel she said she was ready for trial. In view of the pending application in the supreme court, the trial court declined to fix a trial date. On the same date the supreme court set the application for hearing and entered a temporary stay of trial court proceedings.

August 8, 1973 Defendant moved to dismiss the case because of the State's failure to bring her to trial within 60 days as required by Code § 795.2.

August 15, 1973 The supreme court granted certiorari and stayed proceedings in the district court pending certiorari judgment.

January 18, 1974 The State appeared specially to defendant's motion to dismiss of August 8, 1973.

February 1, 1974 The trial court overruled the motion to dismiss and the special appearance.

February 20, 1974 The supreme court filed its decision in the certiorari action, annulling the writ of certiorari. See State v. Cullison, 215 N.W.2d 309 (Iowa 1974).

February 27, 1974 The State filed an application for a trial date. An order was entered fixing trial for March 19, 1974.

March 4, 1974 Defendant filed a new motion to dismiss alleging denial of a speedy trial under Code § 795.2.

March 8, 1974 The procedendo was issued by the supreme court in the certiorari action, reflecting the court's judgment.

March 11, 1974 The motion to dismiss of March 4, 1974, was heard in the trial court.

March 13, 1974 The trial court entered its order sustaining that motion to dismiss.

■ The State contends defendant's motion to suppress triggered the proceedings which caused the delay in bringing defendant to trial. In arguing good cause was thereby established, the State relies largely on the principle that although the State, not the defendant, has the obligation to bring a defendant to trial, delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation. State v. King, 225 N.W.2d 337, 340 (Iowa 1975), and citations; State v. Lyles, 225 N.W.2d 124, 126 (Iowa 1975), and citations.

The 60 day period following the filing of the county attorney's information ended August 7, 1973. Thus the burden was on

the State in the March 11, 1974, hearing to show the delay beyond that period came within the statutory "good cause" exception. State v. Hines, 225 N.W.2d 156, 158 (Iowa 1975).

■ In overruling the first motion to dismiss, predicated on the delay during the 60 days following the filing of the county attorney's information, the trial court evidently believed good cause was shown for the delay to the date of that motion, August 8, 1973. From then until and including March 4, 1974, the date of the second motion to dismiss, all proceedings in the district court were stayed pending the outcome of the State's certiorari action. Jurisdiction of that proceeding in this court did not end until March 8, 1974, the date the procedendo was issued. § 793.24, The Code; State v. Henderson, 215 Iowa 276, 278, 243 N.W. 289, 290 (1932) ("the jurisdiction of this court continues until it is divested by the sending of a procedendo to the lower court").

We pass the question of the trial court's jurisdiction to entertain proceedings during the pendency of the certiorari action in this court. Apart from the jurisdictional question, orders had been entered by this court staying all trial court proceedings from August 3, 1973, until the procedendo was issued March 8, 1974. During that period the State was prevented from bringing defendant to trial.

■ If the certiorari action had been brought by the defendant rather than the State, we would have no hesitancy in holding good cause existed for the delay in bringing her to trial. State v. Shockey, 214 N.W.2d 146 (Iowa 1974); State v. Ferguson, 226 Iowa 361, 283 N.W. 917 (1939). The delay in that situation would be attributable to the defendant.

The answer in the present situation lies in analysis and application of the good cause concept.

■ In State v. Gorham, 206 N.W.2d 908 (Iowa 1973), we held that the applicability

of the good cause exception under Code § 795.2 was to be determined by a balancing process. The burden is on the State to show good cause. Relevant factors include those delineated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2128, 33 L.Ed.2d 101 (1972). See State v. Shockey, supra, 214 N.W.2d at 150. Length of delay, reason for the delay, a defendant's assertion of his right to speedy trial, and prejudice to the defendant from the delay are among the factors to be considered.

■ It affirmatively appears from the ruling of the trial court that its holding was grounded in the belief that the 60 day period in § 795.2 is of constitutional magnitude. However, as noted in State v. Shockey, supra, 214 N.W.2d at 150, the statute goes further in implementing a defendant's speedy trial right than the state and federal constitutions require. Application of the statute is a matter of carrying out a legislative mandate which falls well within the constitutional speedy trial standard.

The delay in this case was long, and it was resisted by defendant. Yet, defendant was not incarcerated during this period, and she set in motion the events resulting in the delay by filing her motion to suppress. In addition, this court, in exercising its discretion in granting the writ of certiorari, necessarily evaluated the substantiality of the question urged in the State's certiorari petition. The opinion of this court in State v. Cullison, supra, demonstrates the issue in the certiorari action was substantial and fairly debatable.

■ Several federal courts have found good cause for delay under the federal constitutional speedy trial standard in analogous circumstances. United States v. Bishton, 150 U.S.App.D.C. 51, 463 F.2d 887 (1972); Koenig v. Willingham, 324 F.2d 62 (6 Cir. 1963); United States v. Osuna-Sanchez, 446 F.2d 566 (9 Cir. 1971), cert. denied, 404 U.S. 1022, 92 S.Ct. 698, 30 L.Ed.2d 672. These holdings are in accord with the views of the drafters of A.B.A. Standards, Speedy

Trial, § 2.3(a) (1968). We find them persuasive. We believe the State's certiorari action challenging the trial court's ruling sustaining defendant's motion to suppress constituted good cause for delay in bringing her to trial.

Whether the State has met its burden to show good cause lies largely in the trial court's discretion. Nevertheless, that discretion has limits. When there is no reasonable basis in the record upon which the trial court could find good cause, we will reverse a trial court finding that it existed. See State v. Hines, supra; State v. Nelson, 222 N.W.2d 445, 448 (Iowa 1974). Similarly, when good cause is established as a matter of law, we will reverse a trial court finding that it was not shown.

We hold that the trial court abused its discretion in finding the State did not meet its burden to show good cause for the delay in this case.

The case must be reversed and remanded for trial. See Serfass v. United States, —— U.S. ——, 95 S.Ct. 1055, 43 L.Ed.2d 1055, 1975. The trial should be promptly scheduled for an early date.

Reversed and remanded.