# IN THE COURT OF APPEALS OF IOWA

No. 14-0448
Filed February 11, 2015

**GARY WAYNE PETTIT,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Madison County, David L. Christensen, Judge.

　　　Gary Pettit appeals the denial of his application for post-conviction relief. **AFFIRMED.**

　　　Gary Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, and Julie Forsyth, County Attorney, for appellee.

　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Gary Pettit appeals the denial of his application for postconviction relief.[1]

Pettit claims his trial counsel was ineffective by not filing a motion to dismiss

claiming a speedy trial violation. We affirm on appeal by memorandum opinion

pursuant to Iowa Court Rule 21.26(1)(a).

On August 21, 2003, Pettit was arrested in Madison County, Iowa, for

sexual abuse in the third degree. Following an initial appearance Pettit posted

bond and returned to his home in Missouri. The State filed a trial information on

September 2, alleging one count of sexual abuse in the third degree and one

count of being a felon in possession of a firearm. These counts were eventually

severed for trial. In October 2003, Pettit was arrested in Missouri on a warrant

for failure to pay child support. During this time, the State attempted to amend

the trial information to include first-degree kidnapping. The court denied the

State's amendment pursuant to Iowa Rule of Criminal Procedure 2.4(8) as the

kidnapping charge was a wholly new and different offense. The State filed a new

trial information on November 19 alleging one count of kidnapping in the first

degree. The same day, Pettit's trial counsel filed a motion to dismiss the

---

[1] The State claims Pettit's application for postconviction relief is barred by the three-year statute of limitations found in Iowa Code section 822.3 (2013). The State did not properly raise this claim at the district court level, and therefore the claim is not preserved on appeal. *See Davis v. State*, 443 N.W.2d 707, 708 (Iowa 1989) (noting "this defense must be affirmatively asserted by a responsive pleading," or if "it is obvious from the uncontroverted facts shown on the face of the challenged petition that the claim for relief was barred when the action was commenced," the defense can be raised in a motion to dismiss).

kidnapping charge claiming it was untimely and violated the speedy-indictment rule.  The court denied the motion to dismiss.

On December 12, Pettit signed an affidavit agreeing to be extradited to Iowa.  A Madison County Deputy drove to Missouri to arrest Pettit on the Iowa charges.  Missouri refused to release Pettit until he resolved the child support matter.  Pettit was released by Missouri authorities in late December and went to his home in Missouri.  He remained at his home until January 27, 2004, when federal marshals returned him to Iowa.

Pettit was arraigned in Iowa on March 1, 2004, and demanded a speedy trial.  Upon the State's oral motion, the charges against Pettit were consolidated.  On April 21, 2004, pursuant to a plea agreement, the State filed amended trial informations charging Pettit with kidnapping in the third degree as a habitual offender and sexual abuse in the third degree as a habitual offender.  Pettit pled guilty to these charges and was sentenced.  He did not appeal

On March 20, 2013, Pettit filed his application for postconviction relief alleging that his trial counsel was ineffective by not filing a motion to dismiss claiming a speedy trial violation.  The court denied Pettit's application and he now appeals.

Claims of ineffective assistance of counsel are reviewed de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).  This is our standard because such claims have their "basis in the Sixth Amendment to the United States Constitution."  *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009).

An ineffective-assistance-of-counsel claim requires a demonstration of both a breach of duty and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The breach-of-duty prong requires proof the attorney performed below the standard demonstrated by a reasonably competent attorney as compared against prevailing professional norms. *Id.* There is a strong presumption the attorney performed their duties competently. *Id.* Once the applicant has shown a breach of duty, they must also show the error caused prejudice. *Id.* at 143. Breach of duty requires proof that, but for the ineffective assistance, "the result of the proceeding would have been different." *Id.* citing *Strickland*, 466 U.S. at 694). The applicant must "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* (citing *Strickland,* 466 U.S. at 693). Pettit must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *See Ennenga*, 812 N.W.2d at 701.

Pettit claims his trial counsel failed in performing an "essential duty," which resulted in prejudice, by not filing a motion to dismiss claiming a speedy trial violation. The speedy-trial clock began when the State filed the amended trial information on November 19, 2003, and expired ninety days[2] later on February 17, 2004. The burden is on the State to show a "good cause" exception to the speedy trial rule. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001).

---

[2] Iowa Rule of Criminal Procedure 2.33 (2)(b) (speedy trial) provides:
> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

We agree with the district court the State has met its burden of showing "good cause" for an exception to the speedy trial rule. In a recent opinion, we found the speedy trial rule does not apply when a defendant leaves the state and is subsequently held in another state on pending criminal charges. *State v. Jentz*, No. 12-1619, 841 N.W.2d 355, at *12 (Iowa Ct. App. Nov. 6, 2013). "The State's duty to provide a defendant a speedy trial does not require that it play a game of hide-and-go-seek with him." *Id.* (quoting *State v. Lyles*, 225 N.W.2d 124, 126 (Iowa 1975)). Since "good cause" existed, we find Pettit's trial counsel did not fail in performing an "essential duty," and therefore did not provide ineffective assistance of counsel.

We affirm the district court's denial of Pettit's application for postconviction relief.

**AFFIRMED.**