# IN THE COURT OF APPEALS OF IOWA

No. 14-1022
Filed September 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARIUS JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Paul L. Macek, Judge.

        A defendant appeals from his conviction, sentence, and judgment for murder in the first degree.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Michael Walton, County Attorney, and Steven Berger, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., McDonald, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Darius Johnson appeals from his conviction, sentence, and judgment for murder in the first degree.

## I. Background Facts and Proceedings

A body was found in Davenport, Iowa, on December 8, 2012. The victim appeared to have been murdered. By the following day, the Davenport Police Department had identified Darius Johnson, Barry Hamilton, and Jessica Loerzel as suspects. An immediate effort was commenced to find them. The Davenport police quickly determined that the suspects had probably left Davenport and contacted law enforcement in the Chicago area, where the three were thought to reside. Hamilton and Loerzel were apprehended by Chicago police on December 10. Davenport police immediately traveled to Chicago and interviewed Hamilton and Loerzel, but neither of the two provided any information as to Johnson's location.

The U.S. Marshall's office was enlisted to help locate Johnson and was given the authority to arrest him. A deputy marshall testified that from the time he became involved in December 2012 until early March when Johnson was apprehended, he worked on locating Johnson on a daily basis. The search was conducted in the Davenport area; Chicago area; the state of Washington; Gary, Indiana; Carbondale, Illinois; and other locations. The various possible locations of Johnson were arrived at by interviewing numerous associates of Johnson, friends, family members, and other acquaintances likely to have knowledge of his whereabouts. Johnson was finally located and arrested in Gary, Indiana, by a deputy U.S. Marshall in early March 2013.

Johnson pled not guilty, and the matter proceeded to trial. The first jury trial resulted in a hung jury. A second jury trial was held, and Johnson was found guilty of first-degree murder and was sentenced accordingly.

On January 23, 2013, a trial information was filed against Loerzel and Hamilton. Both of the trial informations listed Johnson, Loerzel, and Hamilton as defendants, and each of the accused was assigned a separate criminal case file number. The January 23 trial information charged murder in the first-degree and willful injury. On April 9, a separate trial information against Johnson was approved by the court and docketed under the file number assigned when the Loerzel and Hamilton trial informations had been filed. All three complaints and affidavits accompanying the trial information bore a filing date of December 11 and each complaint and affidavit was specific to the person in whose file they were docketed. A motion to consolidate was filed, but it was determined that the parties had been jointly charged. Subsequently, Johnson's case was severed.

Johnson was arraigned on April 10, 2013, and demanded a speedy trial. Trial was set for May 27, but on May 2, 2013, Johnson filed a motion to dismiss, contending that the trial information filed January 23, 2013, began the ninety-day time period for commencing his trial under Iowa Rule of Criminal Procedure 2.33(2)(b). Johnson contends that since May 27 was more than ninety days after January 23, the trial information should accordingly be dismissed. The district court denied the motion to dismiss in a ruling filed June 17. The trial court in its ruling found (1) that the trial informations for Loerzel and Hamilton were specific only to them and Johnson was not charged until the April 9 trial information was filed, and (2) even if the January 23 trial information was considered as having

included Johnson, the delay was created by Johnson's own absence. The only issue before the court is whether the district court erred in denying Johnson's motion to dismiss.

## II. Error Preservation

The speedy-trial issue was raised by the motion to dismiss and ruled on by the trial court. Generally, error has been preserved when an issue is raised and decided by the trial court. *Lamasters v. State*, 821 N.W.2d 856, 863-64 (Iowa 2012). Error has been preserved.

## III. Standard and Scope of Review

Appellate review of a motion to dismiss is for an abuse of discretion, but the window of discretion narrows when speedy-trial claims are an issue. *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005).

## IV. Discussion

Assuming a valid trial information charging Johnson was filed on January 23, the State contends it has shown good cause for the delay beyond the permissible ninety days.

When there is more than a ninety-day period between the filing of the trial information and the trial, dismissal is not required if the delay is attributable to the defendant or another good cause explains the delay. *State v. Campbell*, 714 N.W.2d 622, 627-28 (Iowa 2006). The burden of proving good cause rests on the State. *Winters*, 690 N.W.2d at 907-08. The trial court's finding of good cause will be reversed if there is no reasonable basis in the record which supports the trial court's finding. *State v. Albertsen*, 228 N.W.2d 94, 98 (Iowa 1975). It is the State's duty to bring an accused to trial expeditiously, but it is not

obligated to play a game of hide-and-seek with the accused. *State v. Lyles*, 225 N.W.2d 124, 126 (Iowa 1975).

The trial court found the State was diligent in its effort to find Johnson and the delay was the result of Johnson's absence. Johnson cites *State v. Castillo-Alvarez*, No. 08-0868, 2009 WL 2960419 (Iowa Ct. App. Sept. 2, 2009), an unpublished opinion, for the proposition that an accused's absence does not always constitute good cause for a delay. However, the facts and situations in *Castillo-Alvarez* and the case in hand are so dissimilar that it is of very little help to either Johnson or the court. The delay in *Castillo-Alvarez* between the filing of the trial information and the trial itself was 399 days. *Castillo-Alvarez*, 2009 WL 2960419, at *3-4. Castillo-Alvarez, at the time the trial information was filed, was living in Mexico, but the evidence indicated that the authorities had known precisely where he had been residing for the six years prior to the time of his arrest. *Id.* at *4. Those six years included the ninety days after the trial information was filed. *Id.* There was no evidence the Mexican authorities were uncooperative in executing the warrant for arrest, but rather the evidence indicated the delay was due to the State's inaction. *Id.*

The evidence in this matter established that the authorities were constantly searching for Johnson from December 12 until the date of his arrest. Federal marshalls were heavily involved. Chicago police and other police departments were involved. Leads to multiple locations where he might be found were pursued. Numerous relatives and acquaintances were interviewed. The district court found that the "State was diligent in its efforts," and the record confirms that finding. In argument Johnson contends there was no evidence he

was trying to avoid arrest. Extensive but unsuccessful efforts to find Johnson for over ninety days indicates otherwise. Furthermore, the limitation in the rule is suspended for good cause and does not require an intent to avoid arrest.

Assuming without holding that the January 23 trial information was an effective trial information as to Johnson, good cause existed to suspend the ninety-day speedy-trial requirement.

**AFFIRMED.**