# IN THE COURT OF APPEALS OF IOWA

No. 17-0330
Filed February 7, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**EMMANUEL SAMUEL MABIOR,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.


　　　　A defendant appeals his conviction for aggravated theft.　**AFFIRMED.**


　　　　Daniel M. Northfield of Daniel Northfield, Attorney at Law, Urbandale, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


　　　　Considered by Danilson, C.J., Bower, J., and Goodhue, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**GOODHUE, Senior Judge.**

Emmanuel Samuel Mabior was charged with aggravated theft. Mabior filed a motion to dismiss on the basis of the State's violation of the applicable speedy-trial requirements. The motion to dismiss was denied. Mabior appeals. We affirm the decision of the district court.

## I. Facts

Mabior was arrested and incarcerated on August 14, 2016, but he bonded out two days later. A trial information was filed on September 23, 2016, and he was ordered to appear for arraignment on September 26, 2016, at 9:30 a.m. Mabior failed to appear for arraignment, an arrest warrant was issued, and a bond forfeiture hearing set. On November 7, 2016, Mabior was rebooked into the county jail and arraigned. A plea of not guilty was entered. A pretrial conference was set for November 18, 2016, and the trial was set for January 4, 2017. Mabior did not waive his right to a speedy trial. On November 18, Mabior's counsel's motion to withdraw based on a conflict was granted, and a successor counsel was appointed. A pretrial conference was held on November 18, and a status conference was set for December 22. The trial date remained set for January 4, 2017.

On January 3, 2017, Mabior filed a motion to dismiss based on the speedy-trial rule set out in Iowa Rule of Criminal Procedure 2.33(2)(b), which requires a trial be held within ninety days of the filing of an indictment. Mabior asserts the trial was not held until 103 days after the filing of the trial information and, therefore, not within the ninety-day period. In defense, the State alleged good cause as a result of Mabior's absence and the resulting failure to appear for arraignment. On

that basis, the motion to dismiss was denied. Mabior waived the jury and agreed to be tried on the minutes of evidence in the trial information. The minutes were considered, and Mabior was convicted of the charge.

## II. Error Preservation

Mabior made a motion to dismiss based on the delay between the filing of the trial information and the trial, and it was denied. The State does not contest error preservation. Error has been preserved.

## III. Standard of Review

Our review of the denial of a motion to dismiss for a violation of the speedy-trial requirements is for an abuse of discretion, but when a violation is attempted to be excused by good cause, the discretion is narrowed. *State v. McNeal*, 897 N.W.2d 697, 704 (Iowa 2017).

## IV. Discussion

An almost identical case has already been considered and decided by the Iowa Court of Appeals. *See State v. Cunningham*, No. 15-1583, 2016 WL 7403724, at *3 (Iowa Ct. App. Dec. 21, 2016). Mabior's absence rendered an earlier trial date impractical. "Arraignment is a prerequisite to trial, unless waived." *State v. Lyle*, 225 N.W.2d 124, 126 (Iowa 1975). There is no way for the court or the State to determine whether the accused is going to plead guilty or not guilty until the arraignment is held. Therefore, there is no way to know whether a trial date even needs to be set until the arraignment has been held. There are multiple motions that must be filed within forty days of arraignment. *See* Iowa R. Crim. P. 2.11(4). The reduction of time between the arraignment and the trial also reduces the time for plea bargaining, taking depositions, and otherwise preparing for trial.

Mabior's absence constituted good cause for the delay, and the motion to dismiss was correctly denied. We affirm the decision of the district court.

**AFFIRMED.**